THE STATE, EX REL. THE ATTORNEY GENERAL, v. THE MAYOR AND COMMON COUNCIL OF THE BOROUGH OF SOMERS POINT.

The act of March 29th, 1878 (*Pamph. L*, p. 232), authorizing the formation of borough governments in seaside resorts, is unconstitutional, and borough governments formed under it will be dissolved on information filed by the attorney general *ex officio.*

---

On information filed by the attorney general *ex officio.* On demurrer to the plea.

Argued at June Term, 1889, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and SCUDDER.

For the demurrant, *D. J. Pancoast.*

*Contra, P. L. Voorhees.*

The opinion of the court was delivered by

DEPUE, J.    The borough of Somers Point was incorporated under an act of the legislature, entitled "An act for the formation of borough governments in seaside resorts," approved March 29th, 1878.    *Pamph. L., p.* 232; *Rev. Sup., p.* 942. The object of the information filed by the attorney general *ex officio* is to test the constitutionality of the act under which this municipal corporation was organized.

The contention against the validity of this corporation is founded upon the prohibitory clauses contained in paragraph 11, section 7 of article IV. of the constitution.

The first section of the act provides, "that the inhabitants of any township, which is a seaside resort for summer visitors, embracing within an area not to exceed two square miles taxable property of the amount of one hundred thousand dollars or more, may become a body corporate and politic, in fact and in law, under the title of the borough of, &c., whenever, at a general or special election called for that purpose, it may be so decided by a majority of the votes of the electors of such township or part of a township."

Section second provides that such election shall be called by one of the chosen freeholders of the township in which the district proposed to be incorporated is situate, on written application by persons representing one-tenth of the taxable real estate in such district.

The other sections of the act provide for the election of a mayor and members of a common council and officers, such as clerk, officers of election, assessors, collectors, chosen freeholders, surveyors of the highways, &c., with the powers and duties of such officers in any of the townships of this state. The act also provides for ordinances laying out, opening and improving streets and sidewalks, erecting public buildings, water and gas works, and for the exercise of all those govern-

mental functions which usually pertain to cities and towns. The powers granted to municipalities organized under this act are found in a series of acts contained in the Supplement to the Revision, from pages 942 to 950. They are equal to, and, in some respects, exceed, the powers conferred upon the largest cities in the state.

As applied to legislation of this character a law is special or local, as contradistinguished from general, in the sense of the prohibitory clauses in this paragraph of the constitution, which embraces less than the entire class of persons or places to whose condition such legislation would be necessary or appropriate, having regard to the purpose for which the legislation was designed. A law which so particularizes, and, by such means, is restricted in its operation to persons or places which do not comprise all the objects which naturally belong to the class, is special or local, within the meaning of the constitutional interdict.

The act in question is limited to a specified location—situation on the seaside. It is further restricted to places so situate which are the resort for summer visitors, and is applicable only to places within these limitations in which taxable property to an amount of $100,000 or more is embraced within an area not to exceed two square miles.

Municipal powers and franchises such as this act confers are as appropriate to places in an inland situation as to those located on the seashore, and are as suitable to localities inhabited or frequented by other individuals as to resorts for summer visitors. The act leaves population entirely out of view. The machinery to obtain the organization of a borough may be set in motion by "persons representing one-tenth of the taxable real estate in such district," without regard to residence; and if there be population enough to furnish a clerk and two judges of election, who shall be legal voters in the district, the requirements of the act are complied with. If taxable property irrespective of population be a proper classification on which to base a grant of municipal powers of the scope of those granted by this act, such property presents

the same characteristics, wherever situate, as it possesses when located in seaside places frequented by summer visitors.

This law is so plainly a special and local law within the constitutional interdict that argument and citation of authorities are unnecessary.

Judgment of ouster from the franchises, &c., should be entered.