THE AMERICAN TRANSPORTATION AND NAVIGATION COMPANY, PLAINTIFF IN ERROR, v. THE NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY, DEFENDANT IN ERROR.

1. The refusal of the court to grant a *mandamus* is not reviewable on error.

2. By filing a survey in the office of the secretary of state, of its contemplated route, a railroad or similar company obtains a pre-emption of the land embraced in it.

3. Such a survey was made, and the land embraced was subsequently purchased by the railroad, the defendant in error. Application being made by the company that filed said survey for commissioners to condemn the land, and it appearing that the charter of such company forbade it to take land held by another corporation—*Held,* that whatever remedy the applicant had was in equity, and that it could not acquire the land by procedure in a court of law.

On error to the Supreme Court.

For the plaintiff in error, *Cortlandt Parker.*

For the defendant in error, *J. Franklin Fort.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.  The American Transportation and Navigation Company made an application to a justice of the Supreme Court for the appointment of commissioners to appraise the value of certain lands which it sought to condemn for its corporate uses. This petition being refused on the ground hereinafter mentioned, a motion was made in the Supreme Court for a *mandamus* ordering the justice to make the appointment as requested. The writ was not granted, and hence the removal of the proceeding to this court.

The ground on which the application for the appointment of the commissioners in question was refused by the justice, was this, viz., that the lands to be condemned were then owned by the New York, Susquehanna and Western Railroad Company, the defendant in error, and that lands thus held were not liable to be taken by the plaintiff, for any purpose whatever. It was held that this inability was the result of a restrictive proviso in the charter of the navigation company, which is in these words: "Provided, that in no case shall this company be authorized to condemn or take possession of the land or property of any other corporation existing under the laws of this state, but shall have the right of access across the same, doing no unnecessary damage to the lands of such

158    COURT OF ERRORS AND APPEALS.

American Trans. Co. v. N. Y., S. & W. R. R. Co.    *59 N. J. L.*

corporation or interference with the business thereof, and such damage, if any, shall be ascertained and paid in the manner hereinbefore provided."

At the inception of this condemnation procedure the lands in controversy were owned and were in the possession of the defendant in error, and it was on this account that an order for a *mandamus* was refused.

In this construction of the situation by the Supreme Court, this court concurs. To hold the opposite would be to permit this company to violate its own charter, the prohibition being expressed in unambiguous and plain terms " that it shall not take the land or property of any other corporation existing under the laws of this state," and that is precisely what is being attempted to be done by this procedure. The legislature has said that lands circumstanced as those are shall not be condemned, and this court, as the subject is here presented to us, cannot annul or modify that mandate. Under present conditions, this court can regard only the legal title to the property, and as that title is in the corporate defendant, the statutory prohibition against its compulsory acquisition of it by the plaintiff, is clearly applicable.

With respect to the contention that by filing in the office of the secretary of state "a map and description of said property as required by its charter and the statute," prior to the acquisition of the title to the premises by the defendant, an indefeasible right became vested in the plaintiff to take the land by condemnation, if it could not be purchased, it seems to me that the satisfactory answer to it is, that the subject is not before us in such a form as to place it within the cognizance of this court. The inquiry thus set on foot belongs to a court of equity and not to a common law tribunal. Since the decision in the case of *Morris and Essex Railroad Co.* v. *Blair*, 1 *Stock.* 635, 646, it would seem that no one can doubt that when one of these *quasi*-public corporations has filed in due manner its survey and map in the office of the secretary of state, it thereby secures the pre-emption of the property thus described. This I have always understood has been and

is the settled law of this subject, and it would seem that any other rule would be impracticable.  How could the survey and mapping of any extended line of land upon which it was contemplated to lay a railroad track be of any avail if such line could be broken in upon, at will, by rival companies? But while the proposition that the plaintiff became invested with this pre-emptory right to the surveyed land, is readily granted, it is deemed that it is equally clear that such right, under existing circumstances, cannot be enforced or realized by a purely legal proceeding.  The difficulty is that when a tribunal can look only at the legal title, and when that tribunal finds that title lodged in a corporate defendant, it inevitably must follow that the statutory prohibition existing in the charter of the plaintiff must be declared to be a bar to the condemnation of the land in question.  It may well be that if the pre-emption of the plaintiff has been illegally invaded by the action of the defendant in putting the title in such a position that the plaintiff is barred from effectuating its right at law, that relief against such wrong may be obtained in a court of equity, where, if necessary, the ownership of the land may be so modified as to remove the difficulty that now stands in the way of the present procedure.

With respect to the other points discussed in the briefs of counsel, this court agrees in the views on those subjects expressed by the Supreme Court.

Before closing, it is proper to say that in looking into the papers brought up with this record, I have been surprised to find no ground whatever for this writ of error to rest upon. At the time of the argument it was taken by me for granted that such a course had been adopted in the Supreme Court as, by force of our statute, to so adjust the subject as to subject it to this review.  But such, as is now discovered, is not the case; this writ brings before this court a naked refusal of the Supreme Court to order a *mandamus* to issue.  Such a decision was not reviewable on error at common law, and has never been so in this state, subject to such supervision.  This doctrine is clearly expressed and exemplified in *Layton* v.

*State,* 4 *Dutcher* 575. If the counsel of the respondent had made the motion, this writ, there is every reason to suppose, would have been dismissed.

As the case stands let there be a judgment of affirmance.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, GUMMERE, LUDLOW, VAN SYCKEL, BARKALOW, BOGERT, NIXON. 9.

*For reversal*—None.