BRICE P. WALLING, RELATOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF DECKERTOWN, IN THE COUNTY OF SUSSEX.

64   203
65   163
64   203
68   417.

Argued June 6, 1899—Decided November 14, 1899.

1. An inexplicit term in a statute must, in the same connection, receive the same interpretation.

2. Under a title referring to "incorporated towns," the legislature, in the enactment, declared that the statute should not apply to any municipality not named as a town in its act of incorporation. *Held,* that a supplement extending the provisions of the statute to boroughs was unconstitutional, as having an object not expressed in its title.

3. The general act relating to boroughs (*Rev.* 1897, *Pamph. L., p.* 283) transfers to the borough council control over water works previously existing.

---

On rule to show cause for *mandamus.*

The borough of Deckertown was organized in 1892, under the General Borough act of 1878. *Gen. Stat., p.* 179. On December 17th, 1895, the electors of the borough voted to adopt the provisions of "An act to enable incorporated towns to construct water works for the extinguishment of fires and supplying the inhabitants thereof with pure, wholesome water," passed March 5th, 1884. Commissioners were appointed and the works were completed August 1st, 1897, and are now in use. Since the taking of effect on April 24th, 1897, of "A general act relating to boroughs" (*Rev.* 1897, *Pamph. L., p.* 283), the borough council has refused to appoint successors to the water commissioners as their terms respectively expired. The relator, a citizen and taxpayer of the borough, seeks a *mandamus* to compel the appointment of two commissioners to fill vacancies in the board.

Before Justices DIXON and COLLINS.

For the relator, *Henry C. Hunt.*

For the defendant, *A. Watson Slockbower.*

The opinion of the court was delivered by

COLLINS, J.   By section 22 of the act of March 5th, 1884, it was declared that the act should not apply to any municipality of this state not named as a town in its act of incorporation. By a supplement passed March 9th, 1885, it was sought to be enacted that the provisions of the act should be extended and applied to all incorporated boroughs, camp meeting associations and other municipal commissions by whatever name designated in their act of incorporation. *Gen. Stat., p.* 3564, *pl.* 307. It was by virtue of this supplement alone that the provisions of the act could have been adopted in the borough of Deckertown. A fundamental question, therefore, is whether the object of the later statute was expressed in its title, as required by article 4, section 7, paragraph 4, of the constitution. The title limits the enact-

ment. *Hendrickson* v. *Fries,* 16 *Vroom* 555, 563 ; *Dobbins* v. *Northampton,* 21 *Id.* 496, 499 ; *Long Branch Commission* v. *Dobbins,* 32 *Id.* 659, 661. Did the title " Incorporated Towns," as used in this supplement, extend to boroughs ? We think not. The word " towns," in a statute, is inexplicit in meaning and must be interpreted by the context, or, that failing, by the necessity and occasion of the law. *Banta* v. *Richards,* 13 *Id.* 497. Tried by this rule, the word has been held to include boroughs. *Stout* v. *Glen Ridge,* 30 *Id.* 201. But while this is so, it would seem clear that when the meaning is once ascertained it must, in the same connection, remain constant. The word cannot mean one thing in the title of an original act and another thing in the title of a supplement to that act. In this case the legislature itself, in the body of the act, interpreted the title. One purpose of the constitutional requirement of the expression in a title of the object of a statute is to ensure a conspicuous declaration of the subject of legislation ; a notice so that the public, or such part of it as may be interested, may receive a reasonable intimation of the matters under legislative consideration. *Rader* v. *Township of Union,* 10 *Id.* 509, 512. Surely, one interested in legislation for boroughs need not anticipate any in the guise of a supplement to a statute expressly excluding them.

There is nothing inconsistent with these views in the decisions of this court in *Rahway Savings Institution* v. *Rahway,* 24 *Vroom* 48, and *Smith* v. *Howell,* 31 *Id.* 384. In the first case it was decided that a provision making dependent on consent of voters, "An act to authorize the construction of works for supplying the city of Rahway and places adjacent with pure and wholesome water," might be repealed by a supplement to the act, and in the second it was decided that under a supplement to "An act authorizing the division of townships into street lighting districts," &c., a limitation of the original enactment to certain classes of townships might be destroyed. In neither case was there ambiguity in the original title that the enactment resolved. The legislature

could properly, in a supplement, complete the object expressed but at first left imperfectly attained.

We would not be justified in compelling recognition of an unconstitutional statute, but there is another reason why the relator cannot prevail. By the Borough act of 1897 all boroughs are brought under uniform government. This first attempt of the legislature to perform its constitutional duty, with regard to municipalities, should be liberally construed. By section 69 it is enacted that "it shall be lawful for the council to provide for, cause to be constructed or purchase, and to operate and maintain water works and a plant for the supply of water for domestic and public use," and full and minute powers on the subject are in that and other sections conferred. It is argued that this grant of power extends only to a future water-supply and leaves existing systems undisturbed, but this is clearly not so. The power of operation extends to existing works. Section 97, indeed, provides that public works shall be completed under pre-existing laws, but the Deckertown water works were long since completed, and, by the express terms of the new statute, passed to the council's control. By the statute under which they were constructed (section 4), the legal title to the property vested in the borough and not in the commissioners as a *quasi*-corporation. The commissioners were but borough officers, and the utmost that could be claimed for them is the right, under section 97 of the new Borough act, to serve out their terms. It should be noted that the legislature has carefully guarded all private rights in the premises. By section 96 of the new act it has validated all contracts and obligations made or incurred for any borough under any act of the legislature, whether or not it lawfully conferred power to make or incur the same.

The rule to show cause will be discharged, and the writ prayed is denied.