## HOWARD M. COOPER, RELATOR, v. EDWARD W. SPRINGER ET AL.

Submitted March 22, 1900—Decided June 11, 1900.

The title "An act relating to certain illegal borough governments, requiring the payment of their debts," cannot constitutionally support an enactment creating boroughs.

On *mandamus.*

Before Justices DIXON, LUDLOW and COLLINS.

For the relator, *Norman Grey.*

For the respondents, *David J. Pancoast.*

The opinion of the court was delivered by

COLLINS, J. The relator seeks a *mandamus* to compel the respondents, as if councilmen of an assumed borough called Cape May Point, to appoint a tax assessor and a tax collector to raise and pay moneys sufficient to discharge a judgment recovered by the relator.

In 1885 it was attempted to incorporate a borough called Cape May Point under "An act for the formation of borough governments in seaside resorts," approved March 29th, 1878 (*Gen. Stat., p.* 254), and a borough government was organized and carried on its functions, pursuant to that statute, within the territory embraced in the proceedings to incorporate; and, as such, contracted debts, including that of the relator. At November Term, 1889, of this court the act was declared unconstitutional. *State* v. *Somers Point,* 23 *Vroom* 32.

In 1891 there was an attempted reorganization of Cape May Point, under "An act for the formation and government of boroughs," approved April 2d, 1891. *Gen. Stat., p.* 236. This act also was unconstitutional, and at November Term, 1895, that *soi disant* borough was dissolved on *quo*

*warranto,* at the instance of the attorney-general, by a judgment not reported; and from thence its officers ceased to exercise any borough functions.

By "An act relating to boroughs and borough commissions," approved April 21st, 1896 (*Pamph. L., p.* 339), the acts of 1878 and 1891 were repealed, and thereby every borough established under either of said acts, and which was then a *de facto* corporation exercising corporate powers, was created a borough to be governed by the General Borough act of April 5th, 1878. *Gen. Stat., p.* 179. This act of 1896 is constitutional (*Kennedy* v. *Belmar,* 32 *Vroom* 20), but its constructive feature could not apply to Cape May Point, for that community was not at the time of its enactment a *de facto* corporation exercising corporate powers.

On March 24th, 1899, the legislature enacted (*Pamph. L., p.* 534) that every attempted organization by the inhabitants of any portion of the territory of this state of a borough or borough commission under the provisions of any act of the legislature since declared unconstitutional or repealed, which attempted borough organization had incurred unpaid debts, and was not then a *de facto* or *de jure* government exercising corporate powers, was thereby created a borough by its former name to be governed by the general laws of this state relating to boroughs, and should be responsible for such debts. It was provided that the last presiding officer, members of the governing body and clerk of the organization should become mayor, councilmen and clerk of the new borough to act until the annual election. It is against the surviving councilmen of the old organization, who have never assumed to act under the new statute, that the pending proceedings are directed.

Without passing otherwise upon the validity of this statute, we decide that its title will not constitutionally support an enactment creating boroughs. Such title is "An act relating to certain illegal borough governments requiring the payment of their debts." By the constitution the object of every law must be expressed in its title. *Art.* 4, *sec.* 7, *par.* 4. I can discern in the title quoted no trace of a purpose to create municipalities. All that is distinctly expressed is a purpose

to require the payment of the debts of illegal borough governments. This could be done in a variety of ways; for example, by reaching property that had been acquired by such governments during their sway, by subjecting to taxation the inhabitants of the political division into which territory controlled by the illegal government had merged, or by transfering the liability for the debts to such political division. No one would suspect on reading the title to this statute, when proposed as a bill, that new boroughs, with complete governmental powers, were to be authorized. To comply with the constitution the title of a proposed law must give reasonable intimation of the matters under consideration, and as the title must limit the enactment to matters within its scope, it follows that the legislation on which rests the present application is void. The subject is more fully discussed and the cases collected in the opinion read for this court in the recent decision of *Walling* v. *Deckertown, 35 Vroom* 203.

The rule to show cause will be discharged, and the writ prayed is denied.