HOWARD M. COOPER, PLAINTIFF IN ERROR, v. EDWARD W. SPRINGER ET AL., MEMBERS OF THE COMMON COUNCIL OF THE BOROUGH OF CAPE MAY POINT, DEFENDANTS IN ERROR.

Argued December 3, 1900—Decided March 4, 1901.

1. The enacting clauses of a statute must be construed in subordination to its title. It can have no legal effect beyond the scope of its title.
2. It is competent for the legislature to make provision to constrain a municipal corporation to take proceedings for the payment of debts contracted during its previous illegal existence.
3. The act of March 24th, 1899 (*Pamph. L.*, p. 534), under the title, "An act relating to certain illegal borough governments, requiring the payment of their debts," cannot authorize the creation of a permanent borough, but it is constitutional for the purpose specified in its title. The authority apparently granted in excess of that, in the enacting clauses, must be exscinded from the enactment.

---

On error to the Supreme Court. For opinion of the Supreme Court, see *ante p.* 161.

For the plaintiff in error, *Norman Grey.*

For the defendants in error, *Howard Carrow* and *David J. Pancoast.*

The opinion of the court was delivered by

VAN SYCKEL, J.  Cooper, the relator, asks for a *mandamus* to compel the defendants to appoint a tax collector and a tax assessor to raise and pay moneys sufficient to discharge a judgment recovered by relator.

In 1895 it was attempted to incorporate Cape May Point as a borough, under "An act for the formation of borough governments in seaside resorts," approved March 29th, 1878. *Gen. Stat., p.* 254. A borough government was organized pursuant to said act, and as such contracted debts, including that of the relator.

At November Term, 1889, of the Supreme Court the act was declared unconstitutional. *State* v. *Somers Point,* 23 *Vroom* 32.

In 1891 there was an attempt made to reorganize Cape May Point, under "An act for the formation and government of boroughs," approved April 2d, 1891. *Gen. Stat., p.* 236.

This act was also unconstitutional, and at November Term, 1895, the said borough was dissolved, on *quo warranto,* at the instance of the attorney-general, by the judgment of the Supreme Court, since which time its officers have ceased to exercise any municipal functions.

By "An act relating to boroughs and borough commissions," approved April 21st, 1896 *(Pamph. L., p.* 339), the acts of 1878 and 1891 were repealed, and thereby every borough established under either of said acts, and which was then a *de facto* corporation exercising corporate powers, was created a borough to be governed by the General Borough act of April 5th, 1878. *Gen. Stat., p.* 179.

This act of 1896 was held to be constitutional in *Kennedy* v. *Belmar,* 32 *Vroom* 20, but it cannot apply to Cape May Point, because, at the time of its enactment, Cape May Point was not a borough *de facto,* exercising corporate powers, as it had been previously extinguished by *quo warranto* proceedings.

On the 24th of March, 1899, the legislature passed an act entitled "An act relating to certain illegal borough govern-

ments, requiring the payment of their debts." *Pamph. L.*, *p.* 534.

Under this law the application was made to the Supreme Court to compel the appropriate borough officers to raise money by taxation to pay the claim due to the relator.

This application was denied by the Supreme Court, on the ground that the title of the act disclosed no purpose to create a municipal government; that all that is distinctly expressed is the purpose to require the payment of the debts of illegal borough governments.

This judgment of the Supreme Court is brought into this court for review by the writ of error in this case.

The first question presented is whether a writ of error will lie.

The defendants rely upon the case of *American Transportation Co.* v. *New York, Susquehanna and Western Railroad Co.,* 30 *Vroom* 156.

That was the case of a private corporation, and not within the act giving a writ of error to public corporations exercising governmental functions. *Gen. Stat., p.* 2002.

This case is within that act, and is subject to review by writ of error.

I fully agree with the opinion of the Supreme Court, that the title of the act of 1899 is not broad enough to authorize the erection of a permanent municipal government in Cape May Point, but I do not understand that to be the purpose of this legislation, or that the act is necessarily faulty because of its title being imperfect.

While the enacting clauses of the act, taken apart from its title, are broad enough to authorize the establishment of municipalities with all the attributes of borough governments, such is not its operation and effect under the title which the constitution declares shall express its object.

In *Hendrickson* v. *Fries,* 16 *Vroom* 555, 563, this court held "that under the provision of our constitution the title of a statute is not only an indication of the legislative intent, but is also a limitation upon the enacting part of the law. It can have no effect with respect to any object that is not

expressed in the title," citing *Rader* v. *Township of Union,* 10 *Id.* 509; *Evernham* v. *Hulit,* 16 *Id.* 53.

In the latter case it was ruled that the act entitled "A further supplement to an act entitled 'An act constituting courts for the trial of small causes,' passed March 17th, 1882," applies to judgments recovered before justices of the peace in suits cognizable before a justice under the act to which it is a supplement, and to that extent is constitutional, although it is unconstitutional with respect to appeal · in bastardy and desertion cases, for the reason that, to that extent, the object of the act is not expressed in the title.

That the enacting clauses of a statute must be construed in subordination to its title is adjudged also in *Dobbins* v. *Northampton,* 21 *Vroom* 496, and in *Allen* v. *Township of Bernards,* 28 *Id.* 303.

Applying this established rule of interpretation to this statute, the apparent power in the enacting clauses to create a permanent borough is exscinded, and its sole effect is to invest Cape May Point with municipal power for the purpose of collecting taxes to pay the debts incurred under its previous illegal organization.

That purpose is fully disclosed by the title of the act, and in that view it is constitutional and without infirmity.

The power of the legislature to make such provision for the payment of municipal debts is fully recognized in *Rader* v. *Township of Union, supra.* The act of 1899 furnishes appropriate machinery to that end.

When the object stated in its title has been accomplished, its existence as a borough will terminate. Any attempt to exercise, under this legislation, a wider power can be restrained by the appropriate remedy.

In reaching this conclusion the fact has not been overlooked that the act of March 24th, 1899, applies only to the then existing boroughs of the class to which it relates.

The case of *Bennett* v. *Trenton,* 26 *Vroom* 72, and the several cases therein referred to are instances where the class would in the future, in the ordinary and regular course of events, be increased and added to.

This case is not within the reason of the rule which condemned the legislation in those cases.

The courts cannot, with proper respect for a co-ordinate branch of the state government, pronounce a statute to be infirm on the presumption that the legislature may, in the future, pass unconstitutional laws.

In the case of *Kennedy* v. *Belmar, supra,* the act of April 21st, 1896, which applied only to boroughs and borough commissions theretofore formed in good faith, was upheld as valid legislation.

In my judgment there should be a reversal in this case and the award of a *mandamus* as applied for.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Van Syckel, Fort, Garretson, Bogert, Krueger, Hendrickson, Adams, Vredenburgh, Voorhees.    11.