CHARLOTTE A. HOUSTON ET AL., PLAINTIFFS IN CER-
    TIORARI, v. THE PATERSON AND STATE LINE TRAC-
    TION COMPANY.

Argued November 12, 1902—Decided February 24, 1903.

In proceedings brought to condemn lands within the filed route of a
    traction railway company, under and pursuant to the Traction act
    of 1893 (*Pamph. L., p.* 302; *Gen. Stat., p.* 3235), a conveyance of
    the lands by the owner, at any time after the application is made
    and notices given to the owner as directed by the order of the
    justice, will not defeat the proceedings nor require notice thereof
    to be given to the grantee.

On *certiorari.*

Before Justices DIXON and HENDRICKSON.

For the plaintiffs in *certiorari, Cornelius Doremus.*

For the defendant, *Preston Stevenson.*

The opinion of the court was delivered by

HENDRICKSON, J. This writ is brought to review the ap-
pointment of commissioners made in proceedings to condemn
lands of the plaintiffs in *certiorari,* at the village of Ridge-
wood, in Bergen county, for the purpose of establishing a
right of way for the traction railway of the defendant com-
pany. The proceeding is taken pursuant to the act entitled
"An act to authorize the formation of traction companies for
the construction and operation of street railways, or railroads
operated as street railways, and to regulate the same," ap-
proved March 14th, 1893, and the acts supplementary thereto.
*Pamph. L., p.* 302; *Gen. Stat., p.* 3235.

The portion of the defendant's line involved in these pro-
ceedings approaches said village from the line of Midland
Park on the west, and, after crossing Goodwin avenue and
Monroe street, in said village, passes in a northeasterly di-

rection through private lands of the plaintiff and upon private roads therein previously laid out by her, called Washington place, and thence to and along Franklin avenue, to the Erie railroad station, in said village. Charlotte A. Houston was the holder of the legal title and the occupant of the premises, and although others are joined with her in prosecuting the writ, she will be referred to as plaintiff in this discussion. The plaintiff seeks to set aside the appointment, on the ground that the roads known as Washington place, covered by the defendant's application, are public highways of the village of Ridgewood, and under the jurisdiction of the board of trustees of said municipality; and that the failure to make such municipality a party to the proceedings by notice or otherwise is a fatal defect in the proceedings. The contention that these roads were public highways is based upon the alleged effect of a deed of conveyance by the plaintiff of the roads in question to the "Trustees of the Village of Ridgewood," dated July 25th, 1902, acknowledged on the same day and delivered to and accepted by said board on July 30th, 1902, at three o'clock in the afternoon. This deed conveys the lands "to be used as public highway by the inhabitants of the village of Ridgewood forever," and would probably be effective as a dedication from the time it was so accepted, but it did not go into effect until after the inception of the proceedings to condemn. The defendant company had applied to the plaintiff and to her attorney on the 24th day of July, 1902, and also upon one occasion prior thereto, to fix a price upon the lands in question and to enter into negotiations for their purchase by the company, but after repeated efforts the latter was unable to get any reply to its application from the plaintiff or her attorney. Thereupon the company, by its attorney, on July 29th, 1902, and before it had any notice of such intended conveyance, filed its petition for the appointment of commissioners with a justice of the Supreme Court, who thereupon made an order appointing September 9th, 1902, for the hearing, and directing notice thereof to be given to the owners. It was at this hearing that the appointment now under review was made.

It should be stated that notice of the hearing was given to the plaintiff on July 30th, 1902, at 12 o'clock noon, and that a written notice of the condemnation proceedings was left with the clerk of the municipality on the same day and at the same hour. The latter presented this notice to the board of trustees of the village at their regular session that afternoon, but not until after the deed had been presented and accepted.

When the petition and affidavit were filed with the justice, pursuant to the statute, and notice duly given to the plaintiff, who was the owner and occupant of the premises, as directed in the order assigning a day for the hearing, the jurisdiction of the court over the subject-matter was complete, and no subsequent conveyance to another could defeat the proceeding. This rule is in accord with the adjudications and fulfills the plain object of the act. The sixth section prescribes that when such a company files with the secretary of state a description of the route and map exhibiting the same, with the courses and distances thereof, it shall thereby secure the exclusive right to build the road within the period limited. The thirteenth section enacts that upon the filing of the survey of such location or locations of such right of way, then the company, upon payment or tender of such compensation as is fixed in the condemnation proceedings, may enter upon and occupy the lands so surveyed and proceed to construct such right of way, &c. From the filing of the survey and map a pre-emption to the lands embraced therein exists in favor of the company, which ripens into a vested right under the proceedings to condemn. *Morris and Essex Railroad Co.* v. *Blair,* 1 *Stock.* 635; *American Transportation Co.* v. *New York, Susquehanna and Western Railroad Co.*, 30 *Vroom* 156. In *National Railway Co.* v. *Easton and Amboy Railroad Co.*, 7 *Id.* 181, in proceedings to condemn, under charter provisions similar to these, Mr. Justice Depue said: "The subsequent transfers of the legal title by conveyances made after the proceedings were commenced by presenting the application cannot impair the regularity of the proceedings which were then in conformity to the law."

It has been held that where notice of condemnation proceedings has been given to the owner of the land, his grantee *pendente lite* is not entitled to notice of such proceedings, nor of subsequent proceedings. *Plumer* v. *Wansan Boom Co.,* 49 *Wis.* 449. Also, that parties acquiring rights in lands pending proceedings for their condemnation for railroad purposes will be deemed to have notice thereof and will take subject to the award. *Trogden* v. *Winona and S. P. Railway Co.,* 22 *Minn.* 198.

It is contended, however, that the act of 1900 (*Pamph. L., p.* 79) applies, and that the doctrine suggested is inapplicable because of the third section of this act, which requires a *lis pendens* to be filed along with the petition in order to bind persons acquiring interests in the property *pendente lite.* But this act, which is a revision of previous acts, with added provisions, does not repeal or modify any part of the act of 1893, under which these proceedings were had. Many reasons for this conclusion might be given, but the fact that the legislature, on the same day the revision was enacted, passed an act repealing sundry acts covered by the revision, in which no reference is made to the Street Railway act of 1893, is quite convincing. *Pamph. L.* 1900, *p.* 78.

It is further contended that before the right to condemn could be lawfully exercised, the company must have first obtained the consent of the municipality to the construction of its railway over and upon the streets of the village within the line of its survey. This consent is made a condition precedent to the construction of its railway in the streets, but not to the condemnation of lands to secure its right of way through private property. We are not referred to any authority for this proposition, and the opposite of this contention was held under similar proceedings in *Union Pacific Railway Co.* v. *Colorado Postal Telegraph Cable Co.,* 69 *Pac. Rep.* 564. It was suggested that *Hampton* v. *Clinton Water Co.,* 36 *Vroom* 158, might apply, but it is not in point.

Another objection urged is that the location on file is invalid because, for a portion of the line not involved in the application, the survey includes two alternative routes. But

this point was not raised in the proceedings below, and therefore cannot be considered. The other points suggested in the reasons were not discussed at the argument, and, finding in them no ground for error, the proceedings below are affirmed, with costs.