# THE PATERSON AND STATE LINE TRACTION COMPANY v. RICHARD DeGRAY.

Submitted July 3, 1903—Decided November 9, 1903.

1. The practice in condemnation proceedings, as prescribed by section 14 of the Traction act of 1893 (*Pamph. L.*, *p.* 302; *Gen. Stat.*, *p.* 3235), is superseded by the general Condemnation act of 1900. *Pamph. L.*, *p.* 79.
2. The Traction act of 1893 (*Pamph. L.*, *p.* 302; *Gen. Stat.*, *p.* 3235) gives no appeal from the report of commissioners in the sense that the word "appeal" is used in section 9 of the Condemnation act of 1900 (*Pamph. L.*, *p.* 79), and therefore companies organized under the former act are not entitled to an appeal under the terms of the latter.

On case certified from Passaic Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and PITNEY.

For the appellant, *Preston Stevenson.*

For the respondent, *Eugene Emley.*

The opinion of the court was delivered by

PITNEY, J.   Two questions of law arising in this cause are certified by the Circuit Court, to the end that the opinion of this court may be given thereon, viz.:

*First.* To what extent, if at all, are the practice regulations in condemnation proceedings prescribed by section 14 of the act entitled "An act for the formation of traction companies for the construction and operation of street railways or railroads operated as street railways, and to regulate the same," approved March 14th, 1893 (*Pamph. L.*, *p.* 302; *Gen Stat.*, *p.* 3235), modified or repealed by chapter 53 of the Laws of 1900, entitled "An act to regulate the ascertainment and payment of compensation for property

condemned or taken for public use," approved March 20th, 1900?  *Pamph. L., p.* 79.

*Second.* Is the appeal provided for by section 9 of said act of 1900 applicable to and available in the case of a report of commissioners in condemnation proceedings taken under authority of section 14 of said act of 1893?

. The Traction act of 1893, just referred to, authorizes the formation of corporations for certain purposes requiring the exercise of the power of eminent domain.  By section 13 a company thus organized is authorized to take such land or materials as may be necessary for the purposes of its incorporation, upon making compensation to the owner.  Section 14 prescribes that when the company cannot agree with the owner application is to be made to one of the justices of the Supreme Court, who, after causing notice to be given to the persons interested, is to appoint three freeholders of the county as commissioners to examine and appraise the land or materials required and to assess the damages.  The report of the commissioners is to be made in writing and filed within ten days in the county clerk's office.  Thereafter the commissioners are to meet in order to hear and consider objections to the report, at a time and place of which public notice is to be given, and "thereupon said commissioners shall have power to alter and amend their report in any respect they may deem necessary, or as equity and justice may require; and after said commissioners shall have filed their certificate that they do not desire to make any alteration or amendment to their said report, the said company shall apply to a justice of the Supreme Court to appoint a time and place when and where he will sit and hear a motion to confirm the report of said commissioners," public notice of which motion is to be given.  Objections to such confirmation are to be made in writing and filed in the county clerk's office, and the said justice, having heard the parties interested in said report and the objections thereto, "may confirm the said report in all things, or refer the same back to said commissioners to be reformed, corrected or amended

in such respects as said justice may deem equitable and just; and if the said report of said commissioners be confirmed by said justice, or if, pursuant to the direction of said justice, the same be reformed, corrected or amended as by said commissioners upon filing of said report reformed, corrected or amended as aforesaid, the same shall be taken and considered as confirmed, and remain of record in said clerk's office; and thereupon and on payment or tender of payment of the respective amounts assessed and awarded as herein provided, the said company is hereby empowered to take possession of the lands and easements in said report mentioned required for any of the purposes aforesaid, and to have, hold, use, occupy, possess and enjoy the same for any or all of said purposes."

The act makes no other specific provision for a review of the report of commissioners and confers no right of appeal, unless the review provided for in section 14 can be deemed to be an appeal.

The act of 1900 above mentioned embodies the substance of certain previous acts relating to condemnation proceedings, but contains also sundry provisions not before embodied in any general act. As its title indicates, it merely regulates the ascertainment and payment of compensation to be paid upon the taking of property for public use, and does not confer the right of condemnation. By its first section it is, in substance, enacted that whenever the proper officers of the state, or of any county, or of any municipal corporation, or of any other corporation, public or private, having power to take land or other property for public use, shall have determined to acquire land or other property pursuant to authority conferred by law, and for any reason cannot acquire such property by agreement with the owner, the compensation shall be ascertained and paid in the manner directed by this act. Then follow provisions requiring the presentation of a petition to one of the justices of the Supreme Court for the appointment of three commissioners to fix the compensation to be paid, followed by the appointment of such commis-

sioners and the making by them of an appraisement and
assessment of the amount to be paid for the property taken,
and the filing of their report in the county clerk's office.
By section 7, upon the filing of the commissioners' report,
and upon payment or tender of payment of the amount of
the award, the petitioning party is empowered to take posses-
sion of the property. Provision is made in section 8 for pay-
ment into chancery of the amount of the award, in case the
party entitled shall upon tender refuse to accept it, or shall
be out of the state or under legal disability, or in case several
parties are interested in the fund and do not agree as to its
distribution, or in case the lands are encumbered, or in case
for any other reason the petitioner cannot safely pay the
amount awarded to any person. The payment into court is
to be sanctioned by an order of the Chancellor, and the
money is to be distributed on application of any person inter-
ested therein. Notice to the owners and other persons inter-
ested that the money has thus been paid into court is to
have the same effect as an actual tender.

Section 9 is as follows: "In those cases where an appeal
has been or may be given by the statute conferring the power
to take land or property for public use, the petitioner or
the owner of any of the land or other property may appeal
from the report of the commissioners to the Circuit Court of
the county wherein the land or other property may be;
* * *. which appeal and notice served as hereinafter pro-
vided shall vest in the Circuit Court full right and power to
hear and adjudge the same, and to direct a proper issue for
the trial to be framed between the parties, and to order a
jury struck and a view of the premises to be had." Subse-
quent sections regulate the proceedings on appeal.

By section 17 it is declared that "the practice prescribed
by this act shall supersede the existing practice in all con-
demnation cases for the ascertainment of compensation, except
in cases of the taking of land for a public improvement
where payment of the award for land taken and damages is
authorized by statute to be set off against or made wholly or

partially in benefits to be assessed for the same improvement, in which cases the procedure prescribed by this act shall not be exclusive of the procedure authorized by such statutes."

By section 18, "all acts or parts of acts, general, special, public and private, inconsistent with the provisions of this act," are repealed.

In *Houston* v. *Traction Co.,* 40 *Vroom* 168, a case decided in this court by two of the justices now sitting, it was said that the act of 1900 did not repeal or modify any part of the act of 1893. That declaration, which was not necessary for the decision of the Houston case, is now, upon full consideration, withdrawn. The scope of the act of 1900, and the language contained in its first, seventeenth and eighteenth sections, are such as to exclude the use of other methods than are by this act prescribed in ascertaining the compensation to be paid upon the taking of property for public use. Although the act of 1893 is not covered by the repealing act (*Pamph. L.* 1900, *p.* 78) that accompanied the revision of 1900, we think the practice prescribed in condemnation cases by section 14 of the act of 1893 must be taken to be superseded by the latter enactment, so far as it establishes inconsistent regulations.

Thus the provisions contained in section 14 of the act of 1893, permitting an alteration and amendment of the commissioners' report by the commissioners themselves, after the making and filing of the report, are now superseded; for the provisions of sections 7 and 8, authorizing the condemning party to enter and take possession of the property upon the filing of the commissioners' report, and upon making payment or tender of payment of the amount awarded, or payment of the same into chancery, exclude the notion that the report, after it is made and filed, is to be subject to revision by the commissioners. For the same reason these provisions exclude the necessity for confirmation of the commissioners' report by a justice of this court, as provided in section 14 of the act of 1893, and exclude the special review of the

commissioners' report by such justice, as provided by the
same section. So, also, the provisions respecting notice to
parties, and the other practice regulations prescribed by
section 14 of the act of 1893, are superseded by the act of
1900. The Circuit Court should be so advised.

As to the second question submitted, it will be seen, by
reference to section 9 of the act of 1900, that this act assumes
to regulate the practice on appeal only in those cases where
an appeal is given by the statute conferring the power to
condemn. The right of appeal is not conferred by the act
of 1900. The meaning of the word "appeal," as used in this
act, seems to us to be settled by the accustomed use of the
same term by the legislature for many years in similar
legislation. In numerous special charters and general laws
wherein condemnation proceedings have been authorized and
regulated, the term "appeal" has been employed to describe
a proceeding that confers upon the appellate tribunal the
power of trying *de novo* the whole question that was deter-
mined by the commissioners—that is to say, the question,
what is just compensation to be paid to the owner for the
property taken? In some cases the appeal was required to
be made to the Court of Common Pleas, in other cases to
the Circuit Court, and perhaps in other cases to the Supreme
Court. In some instances the appeal was to be made before
the next term, in other instances before the second term,
following the report of the commissioners. In all cases
there was provision for the impaneling of a jury to deter-
mine the amount of compensation, and in most cases a pro-
vision for a view of the property by the jury. A trial by jury
is in such cases not a constitutional right, and the granting
of such an appeal is therefore within the discretion of the
legislature. But where an appeal was granted it was, without
exception, so far as we are reminded, granted for the purpose
of enabling the parties to have a trial by jury.

As already observed, the act of 1893 does not expressly
grant any right of appeal unless the review of the com-
missioners' report by a justice of the Supreme Court, as pro-

vided in section 14, can be deemed to be an appeal. That review is special and limited in its character, including no trial *de novo,* but resembling rather a review by *certiorari.* In our judgment, it is not such an appeal as is referred to in section 9 of the act of 1900. For this reason, the second question propounded by the Circuit Court must be answered in the negative.