HOWARD M. COOPER, RELATOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF CAPE MAY POINT.

Submitted January 6, 1905—Decided February 27, 1905.

1. Under the "Act relating to certain illegal borough governments, requiring the payment of their debts" (*Pamph. L.* 1899, *p.* 534), and the general "Act for the assessment and collection of taxes" (*Pamph. L.* 1903, *p.* 394, §§ 19, 25), where the assessor of the borough has made an assessment of taxes for the purpose of satisfying a judgment against the borough, and has submitted his assessment list and a duplicate thereof to the borough council, it is the duty of the council to examine and revise the assessment list and duplicate, to make such corrections therein as may be found necessary, and to return the corrected duplicate to the assessor.

2. Performance of this duty will be enforced by *mandamus*.

On application for a *mandamus*.

Before Justices FORT and PITNEY.

For the relator, *Norman Grey.*

The opinion of the court was delivered by

PITNEY, J.     This is an application for a *mandamus* to require Edward W. Springer, Percy L. Haldeman and Albert B. Schellinger, the members of the common council of the borough of Cape May Point, to revise an assessment of taxes made by the assessor of the borough for the purpose of paying a judgment recovered by the relator against the borough.

Relator's judgment is founded upon a debt that was contracted by a *de facto* borough government organized under an unconstitutional law. Afterwards the legislature passed the act of March 24th, 1899, entitled "An act relating to certain illegal borough governments, requiring the payment of their debts." *Pamph. L.* 1899, *p.* 534. This act has been sustained by the Court of Errors and Appeals as constitutional and efficacious for purposes limited by the scope of its title.

*Cooper* v. *Springer,* 36 *Vroom* 594. Pursuant to that deci-
sion, a tax assessor and a tax collector have been appointed
for the borough. In a subsequent decision (*Cooper* v. *Cape
May Point,* 38 *Id.* 437), this court held, in effect, that for
the purpose of effectuating the beneficial intent of the act of
1899 the respondents, being members of the last governing
body of the *de facto* borough, are the representatives of the
governmental establishment created by that act. The act
makes the new borough government responsible for the obli-
gations of the *de facto* government, and provides that it shall
be subject to the general laws of the state relating to the gov-
ernment of boroughs. This refers us to the General Borough
act of 1897, section 45 of which (*Pamph. L., p.* 307) pro-
vides that "all general laws applicable to the assessing and
collection of taxes in the several townships of this state shall
apply to the assessing and collection of taxes in boroughs."

By a supplement of 1878 to the general act of 1874 respect-
ing executions (*Pamph. L.* 1878*, p.* 182; *Gen. Stat., p.* 1421*,
pl.* 34), it is provided that when any execution shall be issued
against a borough and there shall be no property belonging to
the borough sufficient to satisfy the same whereon to levy, the
officer authorized to execute the process shall serve a copy of
it upon the assessor and collector, and the assessor shall assess
the amount due upon the execution upon the property within
the borough; and this tax shall be assessed and collected at
the same time and in the same manner and under the same
conditions, restrictions and regulations as taxes for other
purposes are required to be assessed in such borough, and
when collected shall be paid over to the officer serving the
process. A similar provision is embodied in the new "Act
for the assessment and collection of taxes," approved April
8th, 1903. *Pamph. L. p.* 410, § 25. This act, by its terms
(*Pamph. L.* 1903*, p.* 435, § 66), took effect December 20th,
1903, and its provisions apply to proceedings on and after that
date relating to taxes assessed for the year 1903.

In the present case it is made to appear that a writ of
execution was issued out of this court on March 9th, 1903,
commanding the sheriff of Cape May county to make the

amount of the relator's judgment against the borough.   It was served upon the assessor and the members of the borough council were duly notified thereof.   The assessor proceeded, in April, 1903, to make an assessment upon all the property in the borough for the purpose of paying the execution, and submitted the same and a duplicate thereof to the council for approval and confirmation.   No action has been taken by the members of the council in the matter, and the present application is for a writ that shall require them to do their duty in the premises.

By section 19 of the new Tax law the assessor is required to submit his tax list and the duplicate to the governing body of the taxing district, who are required to examine, revise and correct the same, the assessor attending their meetings to assist them, and the duplicate, with the corrections entered therein, is to be returned by them to the assessor.   A similar duty of revision was imposed upon the governing bodies of boroughs and other municipalities by the supplement of April 11th, 1867, to the General Tax law of 1846.   *Pamph. L.* 1867, *p.* 934; *Gen. Stat.*, *p.* 3301, *pl.* 93.   This was among the acts repealed at the time of the revision of the Tax law in 1903. *Pamph. L.*, *p.* 436, § 1.   Under this provision it has been held by this court that the revision and correction of the duplicate by the council or other governing body is a continuation of the work of the assessor, and is necessary to make a complete assessment.   *Vanderpool* v. *Bonnell,* 20 *Vroom* 317, 320, 321; *Ridgefield* v. *Goodday,* 36 *Id.* 153, 155.

Upon the whole, it is plainly incumbent upon the members of the borough council, in furtherance of the design of the act of 1899 and as a necessary step in the collection from the taxpayers of the moneys due upon the relator's execution, to examine and revise the assessor's tax list and duplicate, to correct the same, if they require correction, and return the duplicate to the assessor with the corrections, if any, entered therein.   As the facts of the present case are not at all in dispute, let a peremptory *mandamus* be issued accordingly.