JOSHUA MATLACK, RELATOR, PLAINTIFF IN ERROR, v. FRANK T. LLOYD, JUDGE, &c., DEFENDANT IN ERROR.

Submitted March 25, 1912—Decided May 2, 1912.

On error to the Supreme Court.

*Pro se, Joshua Matlack.*

PER CURIAM.

The respondent, as judge of the Burlington Circuit Court, made an order opening a judgment by default in an action pending in that court wherein relator was plaintiff; whereupon relator applied to the Supreme Court for a writ of *mandamus* to require said judge to vacate such order. The Su-

preme Court made a rule refusing this application, and this rule is what is sought to be reversed by the present writ of error.

In *Neptune Township* v. *Mannion, Collector, &c.,* 44 *Vroom* 816, this court in dealing with a case where the Supreme Court had made a rule to show cause why a writ of *mandamus* should not issue and had afterwards discharged that rule and refused the writ, the case therefore presenting the same essential features as the present, used this language:

"The refusal by the Supreme Court of a *mandamus,* and its discharging a rule to show cause why a *mandamus* should not issue, is not reviewable on error (*Layton* v. *State,* 4 *Dutcher* 575; *American Transportation Co.* v. *New York, Susquehanna and Western Railroad Co.,* 30 *Vroom* 156; *Paterson* v. *Shields, Id.* 426), except in cases covered by the amendment to the *Mandamus* act, which is to be found in its original form in *Gen. Stat., p.* 2002, § 13, and which is reproduced in a condensed form in section 6 of the *Mandamus* act of 1903. *Pamph. L., p.* 381. Those cases in which a review by writ of error is granted are limited by the terms of the amendment to cases decided in the Supreme Court upon the constitutionality of a statute. The legislation was thus applied in this court in *Cooper* v. *Springer, 36 Vroom* 594." The court finding that the case did not turn in any way upon such a question, dismissed the writ of error.

The present case, like that just cited, and from the opinion in which the above quotation is taken, does not involve the constitutionality of any statute, and consequently comes within the rule laid down in the several decisions of this court cited and followed in the Mannion case, and applied to the award of a peremptory writ in the later case of *Morris & Cummings Dredging Co.* v. *Bayonne, 47 Vroom* 573. The writ of error must accordingly be dismissed.