SALVATORE MANNINO, APPELLANT, v. FRANK B. MOFFETT, BUILDING INSPECTOR OF THE TOWN OF WESTFIELD, RESPONDENT.

Submitted October 30, 1931—Decided February 1, 1932.

For the appellant, *Earl A. Merrill.*

For the respondent, *Paul Q. Oliver.*

PER CURIAM.

This is an appeal from the action of the Supreme Court in refusing to allow the appellant a rule to show cause why a writ of *mandamus* should not issue to compel the building inspector of the town of Westfield to issue a building permit for the erection of an addition to a garage on premises of the appellant.

The respondent moves to dismiss the appeal on the ground that the refusal of a rule to show cause why a writ of *mandamus* should not issue is not appealable.

It has been repeatedly held that no appeal will lie from the refusal of the Supreme Court to issue a writ of *mandamus. Layton* v. *State,* 28 *N. J. L.* 575; *American Transportation Co.* v. *New York, Susquehanna and Western Railroad Co.,* 59 *Id.* 156; *Paterson* v. *Shields, Ibid.* 426; *Kenny* v. *Hudspeth, Ibid.* 504, 527; *Morris and Cummings Dredging Co.* v. *Bayonne,* 76 *Id.* 573; *Matlack* v. *Lloyd,* 82 *Id.* 739; *Browne* v. *King,* 91 *Id.* 317; *Trinkle* v. *Donnelly,* 98 *Id.* 298.

In *School District of Neptune Township* v. *Mannion,* 73 *N. J. L.* 816, it was said by this court:

"The refusal by the Supreme Court of a *mandamus* and its discharging a rule to show cause why a *mandamus* should not issue, is not reviewable on error (*Layton* v. *State,* 4 *Dutch.* 575; *American Transportation Co.* v. *New York, Susquehanna and Western Railroad Co.,* 30 *Vr.* 156; *Paterson* v. *Shields, Ibid.* 426), except in cases covered by the amendment to the *Mandamus* act, which is to be found in its original form in 2 *Gen. Stat., p.* 2002, ¶ 13, and which is produced in a condensed form in section 6 of the *Mandamus* act of 1903. *Pamph. L.* 1903, *p.* 381. Those cases in which a review by writ of error is granted are limited by the terms of the amendment to cases decided in the Supreme Court upon the constitutionality of a statute."

The appellant contends that these cases apply only to the allowance of the writ of *mandamus* itself and not to the allowance of a rule to show cause. No authority is cited for this proposition and we are unable to see any distinction in this respect between the refusal of a rule to show cause and

the discharge of a rule previously allowed. Both actions rests within the sound discretion of the Supreme Court.

No question was raised in the Supreme Court concerning the constitutionality of any statute or ordinance and the instant case does not, therefore, come within the provision of the *Mandamus* act.

We conclude that the action of the Supreme Court in refusing the rule to show cause was not appealable, and that the appeal should be dismissed, with costs.