Hurtford *vs.* Holmes *et al.*

Pleadings in Justices' Courts should be reviewed with liberality. Technicalities in such pleadings should be discountenanced, and substance, instead of form, required. The object of pleading in any Court is to apprize the opposite party of the grounds of the claim or defence, (as the case may be,) so that there shall be no misapprehension as to what matters are to be litigated on the trial. If a declaration is not sufficient in this respect, and the defendant pleads issuably, and goes to trial on the merits, he is estopped from objecting afterwards to the pleading for insufficiency, either in substance or as not sufficiently explicit.

Motion for a new trial reserved by the Wayne Circuit Court.

Assumpsit for work and labor, &c., originally brought in a Justice's Court. Plea, general issue. Judgment for the plaintiff. Defendants appealed. In the Circuit Court, the cause was tried by jury. On the trial, B. O. Price, a witness

for the plaintiff, among other things, testified that the contract under which the plaintiff went into the employ of the defendants, was made with one Whitney, the defendants' agent in New York, that the plaintiff was hired for one year, at $600 for the year, and his expenses to the city of Detroit, with the agreement that if they dismissed him before the expiration of the year, the defendants were to pay him the full salary for the year, and his expenses back to New York.

It was further shown, that the plaintiff went into the defendants' employ on the 23d day of August, 1853, and continued therein until the 7th day of April, 1854, when the defendants discharged him.

Witnesses were examined on the defence, for the purpose of showing the contract under which the plaintiff rendered the services, to be different from that testified to by Price, and also for the purpose of affecting his credibility. No objection was made to the reception of any of the testimony submitted on the trial. Verdict for the plaintiff.

Defendants moved for a new trial, on exception taken to the charge of the Court to the jury. The motion was reserved by the Circuit Judge, for the opinion of this Court.

The declaration and charge of the Court below, will sufficiently appear in the opinion of this Court.

*Wilcox & Gray,* for plaintiff.

The declaration before the Justice was verbal, and the statute requires him to enter on his docket only the "*substance thereof.*" (*R. S.* 394, § 45.) The entry on the docket in this cause is not the declaration, but its substance; and it is the substance of what would be a sufficient declaration. Where defendant pleads, and goes to trial, in a Justice's Court, defects of form, and even substance, are overlooked. A declaration "on a note," or "book account," is usual and sufficient. (4 *Denio,* 178; 1 *Hill,* 61; 1 *Denio,* 434.) A plea of "discharge in bankruptcy" is bad in form, and in *substance;*

but if issue is taken, it is sufficient. (3 *Barb. S. C. R.* 611.) So also "notice of special matters," without stating the matter, if no more particular specification is asked for. (1 *Sand. S. C.* 262.) See, also, as to this point, Young *vs.* Rummell, 5 Hill, 60; 1 J. R. 227; 3 Ib. 436; Barber *vs.* Taylor, 1 Mann. 852.

*Walkers & Russell*, for defendants.

Pleadings before a Justice are to "contain a concise statement of the party's claim or demand, and *nature* and *ground* of defence." If verbal, as in this case, the Justice is to enter the substance thereof on his docket. (*R. S.* 394, § 45.) Although form is dispensed with, yet parties are required to set forth "the nature of their claim, with reasonable certainty." In this case, the count in question gives no indication of the "nature" or "ground" of plaintiff's claim; much less a reasonably certain one. It is defective in *matter of substance.* (*Barber* vs. *Taylor*, 1 *Mann.* 353.) The object of pleading is to apprise the opposite party of the real grounds of action or defence, so that there shall be no surprise to either party; and the substance of this is required in a Justice's Court. (*Fitch* vs. *Miller*, 13 *Wend.* 67; *Ross* vs. *Hamilton*, 3 *Barb. S. C.* 611; *Barber* vs. *Taylor*, *Mann.* 653.)

By the Court, PRATT, J.

The only question presented by this case, for the opinion of this Court, is, whether the Court below erred in charging the jury "that if they believed the contract between the parties to have been as testified to by the witness, Price, the plaintiff could not recover under the common counts, either for the amount of his expenses back to New York, or for the balance of the year's services, but that he might recover therefor under the special count in his declaration." In settling this question, it will be necessary to review, briefly, the pleadings in the case.

It is a general rule, which has been long well established, and acted upon, that pleadings in Justice's Courts should be regarded and reviewed with great liberality; that legal technicalities should be discountenanced, and that substance, instead of form, should be required. In this legal rule, there is sound reason and justice combined, for it is by law pre-supposed, that suits in these Courts will be conducted by the parties themselves, instead of being commenced and prosecuted throughout by professional men, who make the law, and the science of pleading, their study and practice. Hence the provision of the statute, that " pleadings in a suit before a Justice of the Peace, may be either written or verbal, &c. When written, they shall be filed, and remain with the Justice; when verbal, the Justice shall enter on his docket the substance thereof." (*R. S.* 39, § 445.).

The declaration in the case before us was verbal, and the Justice, undoubtedly, entered in his docket what he deemed to be the substance thereof, although it is not probable that in doing so, he used the precise language of the plaintiff; nor was that necessary. The substance of the declaration, as returned by the Justice, is, firstly, " for work and labor done, and services rendered for the defendants, and at their request, under a special contract;" secondly, " for a breach of contract," and thirdly, " upon the common counts, and claims damages, &c."

The first count in this declaration contains the gravamen of a good count in form, and is sufficient in matter of substance, and as a brief statement of the plaintiff's cause of action, for work and labor. But the second count, when considered separately, as a distinct declaration in the cause, and tested by the rules of pleading, is beyond all controversy, defective. It is not only deficient in matter of substance, but it is entirely vague and uncertain for want of specification.

The real object of a pleading in any Court, is, to apprize the opposite party of the nature and grounds of the action,

or the defence, as the case may be, so that there shall be neither misapprehension nor surprise on the trial, as to what matters are to be litigated. But the insufficiency of a pleading, either for want of substance or sufficient specification, may be waived by the party to be affected by it, and when so waived, and the cause has been fairly tried, without objection, on the merits, the party, by every principle of justice, should be, in judgment of law, concluded by the trial.

If the defendants in the present case, were not sufficiently apprized of the nature and ground of the cause of action claimed by the plaintiff under the second count, to be willing to join issue thereon and go to trial on the merits, they should have demurred, or demanded a more full and particular statement thereof, before pleading to the merits. The Justice, on such demand being made, would have ordered the plaintiff to be more explicit, to state fully the substantial particulars of his cause of action, and would have turned him with his cause of action out of Court, in case he had refused to comply with such order. Justices of the Peace are, by law, invested with full power and authority on this subject, and it is their duty to exercise it whenever it becomes necessary for the protection of the legal rights of a party. But the defendants neither demurred nor demanded a more explicit statement of the cause of action. On the contary, they voluntarily plead *issuably* to the whole declaration, and went to trial on the merits.

And on the trial they interposed no objection to the reception of the evidence under the second count. They should, therefore, upon principle, be considered in law as having voluntarily waived all right of objection to the declaration, on the ground of its insufficiency, either for want of substance or specification.

If the defendants had been in fact surprised on the trial, by the evidence adduced under the special count, they would most undoubtedly have objected to its reception, and thus rais-

ed the question of its insufficiency. In such case, the Court, if deeming it necessary, might have allowed the plaintiff to amend, on such terms as would have protected the rights of the respective parties. The presumption, however, is that they were not surprised by the introduction of the evidence, as they went to trial prepared with witnesses to contest the cause of action, claimed by the plaintiff under it. There is, therefore, no ground upon which a presumption can for a moment rest, that the defendants were misled by the second count in the declaration, or that they were not, at the time of joining issue thereon, fully aware of the nature and grounds of the plaintiff's entire cause of action. They have already twice tried this cause upon the merits, without objection either to the declaration or to the reception of evidence under it; and in view of the course which they have voluntarily pursued in the cause, they should be estopped from raising, now, any question touching the insufficiency of the plaintiff's declaration. It would be unjust and oppressive towards the plaintiff to set aside his verdict, and grant the defendants another trial upon the merits on such unreal *technical* ground.

The presumption in law is, that the entire controversy between the parties has been fairly tried by the jury, on its merits; but whether it has been so tried or not, can make no difference with the decision to be made on the question presented by the case here. There are no errors in law appearing in the case, and this Court cannot legally review it, on the facts.

Let it be certified to the Circuit Court for the county of Wayne, as the opinion of this Court, that the charge of the said Circuit Court to the jury was correct, and the defendants are not entitled to a new trial.