## MOSES E. CHANCEY v. FRANK L. SKEELS.

*Justices' courts—Evidence to support declaration.*

| 43 | 347 |
| 123 | 335 |

Pleading to the merits and going to trial before a justice precludes the defendant from objecting to evidence on the ground that the declaration was not specific enough to warrant it, if it sufficiently states a cause of action and he was not misled.

Error to Branch. Submitted April 14. Decided April 21.

TRESPASS ON THE CASE.   Defendant brings error.

*John W. Turner* and *Loveridge & Barlow* for plaintiff in error.

*Louis T. N. Wilson* and *John B. Shipman* for defendant in error.

GRAVES J. In this action Skeels sued Chancey before a justice for certain injuries on the trotting park at Coldwater, for which he alleged Chancey to be responsible. Several persons were there exercising horses before sulkys, Skeels being one and one Moses Chancey another. The latter was driving a horse called Lexington, which belonged to the plaintiff in error. Skeels was driving at a moderate pace, and Chancey came up behind him at a rapid rate and ran against his sulky, breaking it down and causing Skeels' horse to run and causing Skeels some personal injury. The horse was damaged by fright and by being bruised, strained and heated. The justice heard the case without a jury, and gave judgment in Skeels' favor for $100. The circuit court affirmed it on certiorari and Chancey brought error.

Several objections were made before the justice to the admissibility of certain evidence, on the ground that the declaration did not contain the requisite specifications. It was not claimed that a cause of action was not substantially alleged. But the objection was that the particular facts essential to the introduction of the evidence objected to were not set up, and the character of the objection implied that the declaration was deemed sufficient as a substantial statement of an actionable grievance.

There was no demurrer, and the questions were raised under objections to evidence. Had the party demurred a very different case would have been presented. Where a defendant in justice's court pleads to the merits and goes to trial, we think he ought not to be indulged in objections against evidence based on the want of fullness

of the declaration, in any case where it is apparent that he is not misled, and the rule applies here. The court is satisfied that the nature of the plaintiff's claim was fully understood, and that the defendant in error was not misled.

The important question was whether Moses Chancey, the driver, was at the time the servant of plaintiff in error, and there was evidence both ways in regard to it. It was a disputed question of fact, and the justice decided against the plaintiff in error. His ruling in that regard is conclusive.

The other rulings in regard to evidence, to which there were objections, were not prejudicial. The testimony was immaterial. The showing was conclusive that the injury resulted from the negligence of the driver of Lexington, and that the damage was at least $100.

The judgment is affirmed with costs.

The other Justices concurred.