JARED L. HOLBROOK v. GEORGE W. COOPER.

*Pleadings in justice's court—Extortion by duress of imprisonment.*

A declaration claiming to recover back as damages money which defendant had caused to be extorted from plaintiff by duress of imprisonment on criminal process procured by him for that purpose, states a lawful ground of action with sufficient precision, if not demurred to, to be sustained in justices' courts.

No one may derive personal profit from a crime even if he be specially injured by it; and if any one does so, he will be answerable for the profits received, even though he has allowed them to go to another.

Formal defects in the proceedings in justices' courts will be overlooked if no objection is made to them until evidence is offered.

Error to Clinton. Submitted June 22. Decided Oct. 13.

TRESPASS ON THE CASE. Defendant brings error. Affirmed.

*H. & H. E. Walbridge* for plaintiff in error.

*Randolph Strickland* for defendant in error.

GRAVES, J. This case being tried on appeal the jury awarded Cooper $10.35 and Holbrook brought error to this court. The main questions arise on the declaration.* Hol

_____

* The declaration was as follows:

GEORGE W. COOPER v. JARED L. HOLBROOK.

Clinton county, ss. In justice court, before Henry P. Adams, Esq., a justice of the peace.

The said plaintiff, by R. Strickland. his attorney, complains of the said defendant, for that the said defendant did fraudulently and without any just or legal cause on, to wit: the 4th day of June, A. D. 1879, make complaint before Henry P. Adams. a justice of the peace for said county, in which said complaint he charged this plaintiff with the crime of larceny, upon which said complaint the said justice of the peace issued a warrant for the arrest of this plaintiff fraudulently and for the purpose of compelling this plaintiff to pay a debt which said defendant claimed that this plaintiff was owing to the said defendant and one John W. Bailey, and the said plaintiff avers that by virtue of said warrant he was arrested, and that while he was so in custody he secured the said alleged debt and paid costs in the criminal case in a large sum, to wit: ten dollars,

brook pleaded the general issue and abstained from objecting until Cooper came to offer evidence before the jury. He then claimed that no evidence was admissible—1st, on the ground that the declaration was for malicious prosecution— an action the justice could not entertain; and 2d, because the declaration was not for malicious prosecution and did not set forth any cause of action whatever.

As we are bound to intend the plaintiff wished to state his case in legal conformity with the facts appertaining to it, we cannot avoid looking at the declaration as an astonishing performance. It would be difficult to find a more striking instance of contempt for the formal proprieties of pleading. And certainly no such experiment is to be commended. It is very clear that malicious prosecution is not alleged. The final constituents of such a charge are wanting. And there is nothing well enough stated to have stood against a demurrer. It was alike a dictate of prudence and good practice to amend when the question was raised if not before, instead of leaving a point not destitute of plausibility at least, to invite a writ of error. But we are bound to overlook awkwardness and faults of form and extend the extreme indulgence accorded to pleadings before a justice of the peace; and particularly where instead of being raised seasonably the objection is held back until the production of evidence at the trial. How large that indulgence is will appear from the cases. *Hurtford v. Holmes* 3 Mich. 460; *Daniels v. Clegg* 28 Mich. 32; *Smith v. Hobart* 43 Mich. 465; *Chancey v. Skeels* 43 Mich. 347; *Wilcox v. T. & A. A. R. R. Co.* 43 Mich. 584; *Snyder v. Winsor* ante p. 140;

---

and that thereupon he was discharged from said arrest without being taken before the said Henry P. Adams; and he avers that the said money was taken from him illegally and fraudulently, for the reasons before given and for the further reason that the said complainant, the said defendant, had no right to settle or compromise in any manner the said alleged crime of larceny, without the said party, the plaintiff, having been taken before said justice; and the said plaintiff avers that by and through said fraudulent and illegal proceedings, and the payment of said money so made he has been damaged in a large sum, to wit: in the sum of fifty dollars, and therefore he has brought this suit.

R. STRICKLAND,
Plaintiff's Attorney.

*Van Middlesworth v. Van Middlesworth* 32 Mich. 183; *Clark v. Field* 42 Mich. 342; *Cook v. Perry* 43 Mich. 623.

After scanning the declaration we think it contains the rudiments and essence of a legal demand of a legal right. Disregarding the question of form and the infelicity of legal expression, the language appears to comprehend the declaration of an actionable grievance. It seems in effect to assert that the defendant caused certain money to be extorted from the plaintiff under duress of imprisonment on a criminal process, which process and imprisonment the defendant procured for that end, and that the plaintiff sued to get that money back as damages. And admitting this to be a correct construction, there was a lawful ground of action. *Seiber v. Price* 26 Mich. 518; *Hackett v. King* 6 Allen 58; *Osborn v. Robbins* 36 N. Y. 365; *Bush v. Brown* 49 Ind. 573; *Strong v. Grannis* 26 Barb. 122; *Brownell v. Talcott* 47 V 243; *Chandler v. Johnson* 39 Ga. 85; *Clark v. Pease* 41 N. H. 418; *Williams v. Brown* 3 B. & P. 69; Cooley on Torts 506.

In case of a crime committed neither the person specially injured nor another has a right to convert it into a source of benefit or profit to himself, and if he proceeds to do so and in the course of the transaction permits a portion of the fruits to go directly into other hands without touching his own, this will not excuse him from being answerable therefor. His wrong and its detriment to the person wronged are not diminished by a division with others of the fruits expected and realized from his misdoing.

It appears from the record that there was enough of pertinent evidence before the jury for their consideration, and that the instructions were sufficiently favorable to the plaintiff in error, and we do not agree with counsel that the special and general findings are *prima facie* incapable of standing together.

The striking out of Holbrook's testimony touching his talk with Bailey about Cooper's effort to get trusted was only prejudicial to Cooper if to either.

. On the whole we think the judgment should be affirmed with costs.

The other Justices concurred.