THOMAS FLETCHER v. HENRY J. BRADFORD.

*Declarations in justice's courts—Conclusiveness of findings of fact.*

Recovery can be had under the common counts upon an agreement to pay for services in forwarding the sale of one's land.

Declarations in justices' courts are to be liberally construed.

Plaintiff has a right to have the evidence submitted to the jury on his theory of the case.

Error to Wayne. Submitted Jan. 12. Decided Jan. 19.

ASSUMPSIT. Defendant brings error. Affirmed.

*Albert J. Chapman* for plaintiff in error.

*Thomas C. Prosser, Ervin Palmer and George Gartner* for defendant in error.

MARSTON, C. J. Bradford brought suit in justice's court, declaring therein upon a special contract whereby the defendant agreed to pay him one hundred dollars for services done and performed in forwarding the sale of certain lands of the defendant, which defendant had agreed to pay when the lands were sold, and alleging that the lands had been sold. He declared also upon all the common counts. The plaintiff recovered judgment in the justice's court, and also on appeal in the circuit. The case comes here on writ of error.

| 45 | 349 |
| 70 | 461 |
| 45 | 349 |
| 86 | 352 |
| 45 | 349 |
| 123 | 335 |
| 45 | 349 |
| s 7NW | 905 |
| 132 | ¹338 |
| 45 | 349 |
| 148 | ³656 |

It is claimed that the declaration is insufficient. We cannot concur in this view. Declarations in justice's courts are liberally construed. We do not find, however, any fatal defect in the special count, and even if such was the case, we know of no good reason why he should not recover on the common counts.

It is also claimed that the plaintiff could not recover unless he proved that he had sold the land for $2400, while in fact the land was sold not by him but by the defendant for $1000. The evidence given by the defendant may have tended to prove such a contract, but the evidence given on the part of the plaintiff was very different, and he had a right to have the case submitted to the jury upon his theory of the case. The charge of the court was as favorable to the defendant below as the case would permit. As the court instructed the jury, if the plaintiff was employed by the defendant to sell the land, and did sell it; he would be entitled to recover the agreed consideration, but if he did not make or aid in negotiating the sale made he could not recover in the action.

The judgment must be affirmed with costs.

The other Justices concurred.