## CHARLES BATEMAN v. PHILLIP BLAKE.

*Replevin—Pleading—Damages—Chattel mortgage—Payment—Extension—Usury.*

1. Monthly payments made on a chattel mortgage, in consideration, as stated in the receipts given therefor, of the extension

| | |
|---|---|
| 81 | 227 |
| 83 | 364 |
| 81 | 227 |
| 103 | 57 |
| 81 | 227 |
| £118 | 306 |
| 81 | 227 |
| 123 | 335 |
| 81 | 227 |
| s45NW | 831 |
| 131 | ¹506 |
| 81 | 227 |
| 134 | ² 43 |

of the time for payment of the mortgage debt from month to month, will be applied in extinguishment of such debt.

2. Household goods covered by a chattel mortgage were replevied by the mortgagee. The defendant pleaded the general issue, under which he sought to show as an element of damage the sickness of his child, caused, as claimed, by the *manner* in which the writ was executed; and it is held that such sickness was not an injury which would ordinarily result from the service of a writ of replevin, and that notice of such special damage should have been given with his plea.

3. A defendant in replevin who waives a judgment for the return of the property or for its value is not entitled to a judgment for damages.[1]

Error to Kent. (Burch, J.) Argued May 9, 1890. Decided June 6, 1890.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Ward & Ward,* for appellant.

*Frank G. Holmes,* for defendant.

CAHILL, J. This was an action of replevin, brought to recover the possession of certain household goods. The plaintiff claims them under two chattel mortgages,—one for $65, given by the defendant and his wife, June 15, 1887; and one for $11, given by the same parties, October 13, 1887. The defendant claims that these mortgages are paid; that this suit was not only commenced without right, but was prosecuted in a manner and under such circumstances as to be oppressive, and to entitle the defendant to claim damages therefor from the plaintiff. In the court below, the defendant recovered a judgment for the property and for $100 damages against the plaintiff. The case was tried before the Honorable Marsden C. Burch, one of the circuit judges of the Kent circuit, without a jury, who, at the request of counsel for plaint-

---

[1] See *Just v. Porter*, 64 Mich. 565.

;ff, made and filed a written finding of facts and his conclusions of law thereon, substantially as follows:

That in June, 1887, the defendant and his wife executed a chattel mortgage to the plaintiff, covering substantially all their household effects, for $65, on which they received $61 in cash, $3 being retained by plaintiff as advance interest, and $1, as it was termed, "for filing." This mortgage was given originally to secure a note due in 30 days, to draw interest at 10 per cent. after maturity. The defendant paid regularly thereafter, until about October 13, following, $3 each month, the receipts given by plaintiff for these payments showing that the mortgage was extended from time to time for 30 days. On October 13 the defendant and his wife executed another mortgage to the plaintiff on the same property for $11, receiving $10 in money, and $1 being kept back "for filing." Monthly payments of $3.50 each were thereafter made by defendant to plaintiff for 19 or 20 months, at which time the defendant claimed that the mortgages were paid. But the plaintiff claimed that the monthly payments of $3, and then $3.50, respectively, made by the defendant, were considerations for extending the mortgages from month to month, and not payments on the mortgage debt.

The court finds, upon computing interest on the amounts received by the parties from the plaintiff on executing such mortgages, that, at the time the suit was brought, both mortgages were fully paid, and more than paid, by a small amount, computing interest at 10 per cent., as provided in the mortgages.[1]

"The court further finds from the testimony that, at the time of the execution of the said mortgages, the defendant and his wife had substantially no other property than that mentioned in the mortgages, and that their circumstances and conditions were those of comparative poverty; and at the time the goods were demanded and the writ of replevin served, they were living in a humble way, and the defendant's child, a baby, lay sick in the house; and, in the absence of the defendant, about his duty in running upon a railroad train, the writ of replevin was served; the door of the house being left open in inclement weather; the carpets and everything being

[1] Interest was provided for at the rate of ten per cent. after the debt was due.

taken from the house, including the stove; that the pillow was taken from under the head of the baby lying sick in its crib; that the wife of the defendant was subjected to much humiliation and distress, and was obliged to lie upon the bare floor, and care for her sick child as best she could, until her husband's return, and they together were then obliged to take refuge with the wife's father and mother; and that the child took a severe cold under the circumstances, involving large expenses for doctors, and jeopardizing its life; and the testimony shows that, under the circumstances, the damages occasioned by the replevin of the goods were about $100.

"The court, therefore, finds as a matter of law that the mortgages were fully paid; that the circumstances of the seizure of the goods were aggravated; that the damages sustained by the defendant were $100, and therefore that a judgment should be entered for the defendant, and against the plaintiff, in the sum of $100, together with his costs to be taxed, and that he have execution therefor."

The trial judge rightly refused to treat the monthly payments as interest or compensation for extensions, or as anything else than payments on the principal debt. It was of no consequence what the parties called those payments. The law applies them, where they belong, to the extinguishment of the debt. The finding of the circuit judge, as to the number of payments made, computations of interest, and all other questions of fact, are conclusive on us, provided no rule of law be violated in arriving at such conclusion.

Upon the trial defendant was allowed to put in testimony tending to show special damages suffered by the service of the writ of replevin. This testimony was objected to by the plaintiff, for the reason that no notice was given under the plea of the general issue of any special damages. This objection was overruled, and counsel for plaintiff excepted. The court, in overruling the objection, said:

"I would not permit them to prove any special and

peculiar, indirect or remote, damages, but the ordinary damages of taking the goods, I think, would be legitimate under the general issue."

Thereupon the witness (defendant's wife) was interrogated, and gave evidence tending to show that, at the time the writ of replevin was served, the weather was rainy and cold; that all the furniture was taken out of her house, including the carpets, bedding, and stove; that her baby at the time lay sick in the house, and caught cold by reason of the exposure; that her husband, the defendant, was absent from home, and that she was obliged to remain in the house alone that night, lying on the floor with her sick child; that the baby was made worse, so that it had to be under a physician's care for some time. The witness estimated her damages at $100. It is clear that this evidence was regarded by the circuit judge as competent under the issue, and that it was considered by him in assessing defendant's damages.

The testimony admitted for the purpose of showing the special damages occasioned by the sickness of defendant's child was not admissible under the plea of the general issue. The learned circuit judge who tried the case seemed to have understood that proof of special damages could not be admitted under this plea, but was mistaken as to what constituted special and what general damages, and seemed to regard all *actual* damages as necessarily general. This is, however, not the rule. Special damages may be as actual as any other, but general damages are such as the law implies or presumes to have accrued from the wrong complained of. Special damages are such as really took place, but are not implied by law. The sickness of the defendant's child was not an injury which would ordinarily result from the service of a writ of replevin, nor would the law imply such a result, and where the law does not necessarily imply that the party

sustained the peculiar damages complained of it is essential that such damages should be specially pleaded. How. Stat. § 8339; 1 Chit. Pl. 395, 396; *Chandler v. Allison,* 10 Mich. 460; *Shaw v. Hoffman,* 21 Id. 151; *Howser v. Melcher,* 40 Id. 185; *Allen v. Kinyon,* 41 Id. 281; *Brink v. Freoff,* 44 Id. 69; *Heiser v. Loomis,* 47 Id. 16; *Hitchcock v. Pratt,* 51 Id. 263; *Krueger v. Le Blanc,* 62 Id. 70.

It appeared upon the trial that, after the goods were taken by the plaintiff on his writ, they were taken from him by a cross-writ sued out by Mr. Block, who claimed them under a chattel mortgage given subsequently to the plaintiff's, and that after their seizure under the second writ the goods were returned to the defendant, so that, at the time of the trial, they were in his possession. The judgment entered in the cause recited that the court—

"Having found, by its findings this day filed, that the said defendant did not unlawfully detain the goods and chattels in the plaintiff's declaration mentioned, and in manner and form as the said plaintiff hath in his declaration complained against him, and the goods having been taken from said plaintiff under a writ of replevin in favor of a subsequent mortgagee, and placed in possession of said defendant, and said defendant having waived a judgment for a return of said property or for the value thereof, and the court having assessed the damages of the said defendant on account of the taking and detention of said goods by the plaintiff at the sum of $100, therefore it is considered that the said plaintiff take nothing by his said suit, and the said defendant do go thereof without day; and it is further considered that the said defendant do recover against the said plaintiff the said sum of $100, as his damages, together with his costs," etc.

We do not think the judgment entered in this case was such as to entitle the defendant to any judgment for damages. Replevin is a statutory remedy in this State, and the defendant can only have such judgment as the statute authorizes the court to render. Wells, Repl. §

774. The only judgment to which a defendant is entitled under any circumstances is—

1. For a return of the goods and chattels replevied, and, in case of such a judgment, he may recover the damages sustained by him by reason of the detention; or—

2. If he waive a return, he may take judgment for the value of the property replevied; or—

3. If the property specified in the writ shall not have been replevied and delivered to the plaintiff, and the defendant recover judgment, such judgment shall be for costs only. How. Stat. §§ 8346, 8347, 8349.

It will be seen that the defendant waived a judgment for the return, and also for the value, of the property. We think the judgment should have been for a return of the property, and upon such judgment the defendant should have been allowed to recover such general damages as were admissible under his plea. If on a new trial he should choose to amend by giving notice of special matter, he should be allowed to do so.

For the errors pointed out the judgment must be reversed, and a new trial granted. As this is a mistrial, no costs will be allowed.

The other Justices concurred.