CARMER v. HUBBARD.

123    333
157    ³635

1. APPEAL FROM JUSTICE'S COURT—DECLARATION—DEMURRABLE DEFECT.

Where a justice's return on appeal showed that the plaintiff declared orally in an action to recover a statutory penalty for conduct not actionable at the common law, and that defendant pleaded the general issue, the latter could not in the circuit court, for the first time, interpose the objection that the declaration was defective for failure to specify the statute; the defect being one which, on demurrer, might have been remedied by amendment.

2. SAME—OBJECTIONS—INDEFINITENESS.

An objection, in justice's court, that the declaration is not sufficient to warrant the admission of testimony, is too general to raise the question that the declaration is defective in failing to specify the statute under which the action is brought.

3. APPEAL—ASSIGNMENTS OF ERROR—WAIVER.

Assignments of error not considered in appellant's brief will be treated as abandoned, though he states therein that no assignment is waived.

Error to Genesee; Wisner, J.  Submitted February 2, 1900.  Decided March 13, 1900.

Case by Lovina Carmer against Charles L. Hubbard, under 2 Comp. Laws 1897, § 5398, for selling intoxicating liquor to plaintiff's minor son.  From a judgment for plaintiff, defendant brings error.  Affirmed.

*Clarence Tinker*, for appellant.

*Johnson & Stevens*, for appellee.

Hooker, J. This action was commenced in the court of a justice of the peace. The declaration was oral, and was entered in the docket under the statute which requires the docket to show the substance of the pleadings. The entry was as follows:

"The plaintiff declared orally in a plea of trespass on the case for the illegal sale of intoxicating liquor, or furnishing of same, to a minor, and asks damages one hundred dollars or under; to which declaration the defendant pleaded the general issue."

A judgment was rendered for the plaintiff, and defendant appealed. In the circuit a motion was made at the conclusion of the plaintiff's testimony to strike out all of the testimony upon the ground that there could be no recovery under the declaration. The court denied the motion, and is said to have refused to allow an additional return to be made, which was offered to show that the objection was made in the justice's court. The defendant thereupon introduced testimony tending to show that the alleged sale of liquor to plaintiff's son, which was the ground of recovery, was untrue. The jury found a verdict for $50, and defendant has appealed.

This was the only point discussed in the brief, though the statement is made therein that no assignment of error is waived. The defendant claims that the declaration will not support a judgment, because it fails to specify the statute—*i. e.*, Act No. 313, Pub. Acts 1887, § 20 (2 Comp. Laws 1897, § 5398)—which provides that a person selling intoxicating liquors to a minor shall be liable to the parent in a sum not less than $50, and which statute he concedes to be the only authority for bringing an action for selling liquor to a minor. It is true, as the defendant says, that, where an action is brought under a penal statute, the declaration should show the fact, and, where it does not, the penalty may not be recoverable. *Howser* v. *Melcher*,

40 Mich. 185; *Chicago, etc., R. Co.* v. *Sturgis*, 44 Mich. 538 (7 N. W. 213); *People* v. *Jones*, 49 Mich. 594 (14 N. W. 573); *Hitchcock* v. *Pratt*, 51 Mich. 271 (16 N. W. 639); *Bateman* v. *Blake*, 81 Mich. 231 (45 N. W. 831). Pleadings in justice's court are treated with much liberality. *Fletcher* v. *Bradford*, 45 Mich. 349 (7 N. W. 905).; *Hurtford* v. *Holmes*, 3 Mich. 460; *Whelpley* v. *Nash*, 46 Mich. 25 (8 N. W. 570); *Chancey* v. *Skeels*, 43 Mich. 347 (5 N. W. 380); *Wilcox* v. *Railroad Co.*, 43 Mich. 584 (5 N. W. 1003); *Daniels* v. *Clegg*, 28 Mich. 32. It is conceded that the declaration in this case stated no common-law cause of action, and that plaintiff's right of recovery for such a wrong is based solely upon the statute, because it was not actionable at common law. If this is so, the defendant was bound to know it, and he could have known no more had the statute been pleaded. While we do not intimate that this would relieve a plaintiff from the necessity of pleading the statute in a formal declaration, it makes less doubtful the propriety of applying the doctrine laid down in *Burke* v. *Wilber*, 42 Mich. 327 (3 N. W. 861), viz.:

"A declaration cannot be objected to in the appellate court for insufficiency if it was not demurred to, and if it set forth the facts intelligibly, and the proofs made out a sufficient case, and furnished ample material for amending it to satisfy the technical rules of pleading."

We think this declaration might have been amended in the justice's court, had a demurrer been interposed. Instead, the general issue was pleaded, and a trial had, and an appeal taken, and another trial had. It is claimed that this question was raised before the justice, but the return does not show it, and the objection which counsel says appears from the minutes is a general one, which is not well calculated to call attention to the precise defect relied on.[1] The court properly refused to permit an addi-

[1] Counsel claimed that a further return would show that he raised the objection in justice's court that the declaration was not sufficient to warrant the admission of evidence

tional return.   We think the point is not well taken. The other assignments of error will be treated as abandoned, as counsel omits to point them out in his brief. Sup. Ct. Rule No. 40 and notes.

The judgment is affirmed.

The other Justices concurred.