## MORIN *v.* ROBARGE.

1. PLEADING—COMMON COUNTS—WORK AND LABOR—SPECIAL CONTRACT.

   A party may recover under the common counts for work and labor performed under a special contract fixing the price of the labor, where the contract is fully performed except to pay for the work and labor.

2. EVIDENCE—WITNESSES—IMPEACHMENT.

   Testimony by plaintiff, on rebuttal, of a conversation between himself and defendant's witness, objected to on the ground that the question had not been asked the witness, was not prejudicial, where its import was the same as that denied by the witness.

3. INSTRUCTIONS—STATEMENTS OF FACT.

   An instruction by the court that defendant admitted that a contract was made, upon which plaintiff entered and performed a large amount of work, was justified by the testimony of defendant's witnesses, though he was not present at the trial.

4. APPEAL—ASSIGNMENTS OF ERROR.

   A point not raised by an assignment of error will not be considered.

Error to Cheboygan; Shepherd, J. Submitted January 14, 1903. (Docket No. 205.) Decided March 5, 1903.

*Assumpsit* by James Morin against Benjamin Robarge for work and labor. From a judgment for plaintiff, defendant brings error. Affirmed.

*Cross & Harpster*, for appellant.

*C. F. Hull* and *C. S. Reilley*, for appellee.

CARPENTER, J. Under the common counts in *assumpsit*, plaintiff recovered in the court below a verdict and judgment for $1,331.98. The testimony of plaintiff tended to prove that defendant owed him over $1,500 for manu-

facturing poles, posts, and ties, in pursuance of an oral contract. The testimony of defendant tended to prove that nothing was due the plaintiff. Issues were raised by the testimony of the parties respecting both the terms of the contract and the amount of work done thereunder. These issues were submitted to the jury, who, as above stated, found for the plaintiff. We are asked to reverse the judgment on several grounds.

1. It is claimed that the plaintiff could not recover under the common counts, because there was a special contract to pay a special price for the work in question. He relies upon the case of *Beecher* v. *Pettee*, 40 Mich. 181, which clearly is not in point, as it simply decides that damages for not being suffered to fulfill a contract cannot be recovered under the common counts. It is well settled by the decisions of this court that where a contract has been performed, and nothing remains to be done except to pay for work and labor or material furnished thereunder, recovery can be had under the common counts; and this is true though the value of the work or the material is fixed by a special contract. *Howell* v. *Medler*, 41 Mich. 641, 643 (2 N. W. 911); *Fletcher* v. *Bradford*, 45 Mich. 349 (7 N. W. 905).

2. Complaint is made because the court permitted the following question to be asked plaintiff: "What did he [defendant's inspector] say to you about the way or manner of inspecting these poles?" This was objected to on the ground that no question had been asked the inspector, who was one of defendant's witnesses, about his manner of inspection. He had, however, on cross-examination, denied that he told plaintiff "he was doing the Robarges on the inspection," and that "he was getting the advantage of them." In answer to the question complained of, plaintiff stated that, during the inspection, the inspector said that "he had got him [Robarge] so jollied up that he could do with him just as he wanted to." While this was not precisely what the witness had denied saying, its import was the same, and defendant was therefore not prejudiced.

3. In charging the jury, the court said:

"The defendant admits that the work was done, not to the extent claimed by the plaintiff, but that there was a contract made, upon which the plaintiff entered and performed a large amount of work."

This is complained of, as we infer from the brief, because defendant himself was not present at the trial in the court below. The statement is, however, justified by the testimony of defendant's witnesses.

4. It is also claimed that the plaintiff was improperly permitted to recover for doing work after the time specified in his bill of particulars. This point is not raised by any assignment of error, and therefore will not be considered by this court.

5. It is urged that the court erred in not granting a new trial because of newly discovered evidence, and because there was no evidence tending to prove the amount of the verdict as rendered. The so-called newly discovered evidence was merely cumulative, and we think the trial judge was justified in saying that he failed to find therein anything that would change the finding of a jury on another trial. We agree with him, too, that the verdict was not greater than the evidence justified.

The other grounds upon which we are asked to reverse the judgment are also without merit, and their discussion would serve no useful purpose. We think the case was fairly tried, and submitted to the jury on a charge which fully protected defendant's interests.

Judgment is affirmed.

The other Justices concurred.