MOHR HARDWARE CO. *v.* DUBEY.

1. PLEADING—VARIANCE—WAIVER.

A defendant in an action for damages for the breach of an executory contract, who pleaded the general issue to a declaration on the common counts in *assumpsit* and on a written order for the purchase of goods, cannot, after the proofs have been admitted without specific objection, insist upon a directed verdict on the ground that the evidence fails to support the declaration.

2. SALE—CONTRACTS—MUTUALITY.

Where plaintiff orally agreed to sell 70 rods of wire fence at 58 cents per rod, and defendant agreed in writing to accept the fence at the price named, the contract was not void for want of mutuality.

3. SAME—BREACH—DAMAGES.

Where a purchaser of goods refuses to accept the same, the measure of damages is the difference between the contract price and the market value at the time agreed upon for delivery.

Error to Bay; Shepard, J.  Submitted June 3, 1903. (Docket No. 14.)  Decided June 25, 1904.

*Assumpsit* by the Mohr Hardware Company against Joseph L. Dubey for the breach of a contract of purchase. From a judgment for plaintiff, defendant brings error. Reversed.

*Loranger & Flynn*, for appellant.

*Lee E. Joslyn*, for appellee.

MONTGOMERY, J.  This is an action to recover damages for the breach of an executory contract.  Plaintiff's testimony tended to show that it agreed to sell to defendant the wire for 70 rods of fence at the price of 58 cents per rod, to be taken at plaintiff's store, and paid for on or before

April 1, 1902. Plaintiff also agreed to stretch the wire when the defendant had placed posts and braces as directed. Before the wire was delivered, defendant countermanded his order, and plaintiff thereupon brought this suit.

The case was brought in justice's court. The return of the justice states that the plaintiff declared orally on the common counts, and "especially on an order herewith filed as a part of plaintiff's declaration," and claimed damages of $100. After the proofs were admitted without objection, defendant's counsel asked that a verdict be directed on the ground that the evidence failed to support the declaration. After pleading issuably, and permitting the evidence to come in without specific objection on this ground, we think the defendant ought not to be permitted to assert the insufficiency of this declaration. The defendant could not have been taken by surprise. He knew it was sought to fix a liability upon him, based upon a breach of a specific contract made a part of the declaration. We think the case in this respect falls fairly within the cases cited by plaintiff's counsel. *Hartford* v. *Holmes,* 3 Mich. 460; *Wilcox* v. *Railroad Co.,* 43 Mich. 584 (5 N. W. 1003).

We think the objection that the contract is void for want of mutuality is without force. The agreement of the defendant to accept this wire, and to accept the same at a given price, was in writing, and over his signature.

The only question presenting any difficulty is that relating to the measure of damages. The theory of the plaintiff appears to have been that it was entitled to recover the profits which it would have made on the sale. Evidence of the wholesale value of the wire was given, and this appears to have been the same at the time of the contract and at the time agreed upon for delivery. No evidence was given of any resale of the wire in question, or of the price for which it could have been sold at the place of agreed delivery. We discover no consideration which can take the case out of the general rule that the measure of damages

in case of the breach of an executory contract of sale by a refusal of the purchaser to accept and pay for the goods is the difference between the agreed price and the market value at the time agreed upon for delivery.    3 Suth. Dam. (3d Ed.) § 647, and cases cited.    This rule seems to be based upon the view that it is the duty of the party suffering damages by the breach of the contract to make himself whole, if he may, and that the duty in such a case as the present is to seek a market for the goods refused, and, if they can be sold at the same price as that agreed upon, only nominal damages have been suffered.    It is true that where the contract is for the manufacture of goods, and the order is countermanded, a different rule is sometimes applied.    For a case noting the distinction, see *Silberstein* v. *News-Tribune Co.*, 68 Minn. 430 (71 N. W. 622).    In that case the court said, in noting the distinction:

"Where the material to be furnished has a market value, and the amount and value of the necessary labor to fit it for the performance of the contract are reasonably certain, and nothing has been done by the plaintiff in performance of his contract on account of its breach by the defendant, the rule for ascertaining the cost of performance suggested by the defendant in this case would seem to be the correct and probably the exclusive one."

The rule there contended for by defendant's counsel was the rule first above adverted to.

The circuit judge did not so limit the recovery in the present case.    For this error the judgment is reversed, and a new trial ordered.

The other Justices concurred.