## MILLSPAUGH v. SCHULTZ.

1. TRIAL—CONDUCT OF ATTORNEY—ERROR.

Upon the trial of an appeal from justice's court, the statement of plaintiff's attorney that there was a judgment of $200 in the justice's court, which was interrupted by defendant's counsel and which the court told the jury to disregard, was not so prejudicial as to constitute reversible error.

2. PLEADING—JUSTICE OF THE PEACE—DAMAGES.

In the absence of any demurrer, or objection to the evidence, interposed in justice's court, in an action upon an injunction bond, the declaration, which was based on only one breach, that had been determined by decree in chancery to have taken place, leaving only a question as to the amount of damages, will be *held* sufficient on error.

Error to Wayne; Mandell, J.   Submitted January 27, 1914.   (Docket No. 160.)   Decided April 7, 1914.

Assumpsit in justice's court by Theodore F. Millspaugh against Frederick E. Schultz and others for the breach of a bond given in an injunction suit. Judgment for plaintiff.   Defendants bring error. Affirmed.

*Charles Bowles,* for appellants.

*William C. Stuart,* for appellee.

MOORE, J.   In November, 1908, the plaintiff purchased, upon contract, a city lot on La Salle street, Detroit.   Defendants Schultz and Schultz were the owners of the adjoining lot on the west.   The plaintiff began the erection of a house on his lot.   He had built the basement, put a subflooring on the first floor, the studding was up and sheeted, the roof was on, a chimney built, and some work had been done on the interior of the house.   In January, 1909, the defendants Schultz and Schultz obtained an injunction restraining further building operations.   At this time a bond was required and given in the sum of $500 running to the plaintiff, signed by the defendants Schultz and Schultz as principals, and by defendant Willis as surety.   Part of the condition is as follows:

"Now, therefore, if the court shall eventually decide that the complainants in said cause were and are not entitled to said writ of injunction, and that the same was wrongfully sued out, in that event, if the said complainants shall pay or cause to be paid to the said Theodore F. Millspaugh such damages as he may have sustained by reason of the wrongful suing out of said writ of injunction, then this obligation is to be void, otherwise to remain in full force."

The chancery case was heard and a decree entered April 22, 1911, dismissing the bill.   Said decree contained the following:

"And it is further ordered, adjudged, and decreed that the said defendant may bring an action at law to recover any damages he sustained by reason of the injunction issued against him in this cause against the principals and surety who executed the bond filed in this cause to save said defendant harmless for any damages he should sustain by reason of the issuing of said injunction in this cause."

It does not appear that any appeal was ever taken from that decree.

On June 3, 1911, this suit was commenced in justice's court. The justice's return shows the following:

"The plaintiff declares in an action of assumpsit on all common counts, specially on a bond, claims damages $500 or under; the defendants plead general issue. The said cause was tried by court. That on the 1st day of November, 1911, I rendered judgment in favor of plaintiff and against defendants for $200 damages and $3.25 costs. And I do further return that the affidavit and bond herewith returned were delivered to me on the 6th day of November, 1911, and the costs of suit and appeal fees were at the same time paid."

The record also shows that a bill of particulars was filed as follows:

| | |
|---|---:|
| Rent on said property for the period of one year, the length of time that plaintiff was delayed by reason of the injunction granted to said Schultz in the completion of the building on the property No. 559 La Salle avenue.. | $250 00 |
| Depreciation in materials in the house in being exposed to the weather...................... | 250 00 |
| Total..................................... | $500 00 |

The bond declared upon was the bond given in the injunction suit and from which we have quoted. The following appears in the record:

"*Mr. Sevald:* In justice's court a judgment of $200—

"*Mr. Bowles:* I take an exception to that remark.

"*The Court:* It is improper, and the jury is instructed to disregard such remark.

"*Mr. Sevald:* I offer in evidence a chancery case, Frederick E. Schultz and Dorothy C. Schultz, Complainants, v. Theodore F. Millspaugh; and I introduce. * * *

"*Mr. Bowles:* I wish to object to any evidence under the plaintiff's declaration; it is insufficient.

"*The Court:* The objecton may be noted. You may proceed, and I will take the matter under advisement."

From a verdict and judgment in favor of the plaintiff the case is brought here by writ of error.

It is claimed the following is reversible error:

"*Mr. Sevald:* In justice's court a judgment of $200."

It will be noted from what we quoted that immediately upon objection the trial judge stated the remark was improper, and the sentence was never completed. In this connection we may say that some testimony was offered bearing upon the damages sustained because of the loss of rents. It is said the admission of this testimony was error. The court told counsel and the jury that the case must go to the jury for recovery only for damage or injury to the material.

Counsel for appellant seem to proceed upon the theory that the jury will not heed what is said by the trial court. We cannot so assume.

It is urged as error that the court declined to exclude all testimony under the declaration and to direct a verdict in favor of defendants. This is based upon the claim that the declaration did not comply with the provisions of section 10378, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 13092), which reads:

"When an action shall be prosecuted in any court of law, upon any bond for the breach of any condi-

tion other than for the payment of money, or shall be prosecuted for any penal sum for the nonperformance of any covenant or written agreement, the plaintiff, in his declaration, shall assign the specific breaches for which the action is brought."

It is not necessary to decide whether this statute relates to a bond where there is, as in this case, but a single breach.

This case was commenced in justice's court. The language of Justice COOLEY, in *Wilcox* v. *Railroad Co.,* 43 Mich. 584 (5 N. W. 1003), is germane here:

"It is no new thing to have an objection of this sort to the pleadings in justices' courts raised before us. As the proceedings in those courts are commonly managed by parties unlearned in the law, defects in their allegations, when tested by the rules of art, are to be expected in almost every case which is at all complicated. If every such objection were disregarded, pleadings in justices' courts would in effect be dispensed with. Every plaintiff might allege as much or as little as he pleased, and recover without regard to his allegations. If every one were sustained which would be good if made to pleadings in courts of record, the parties in justices' courts would be driven to the employment of legal assistance in every case, and these courts, which are intended for the easy and inexpensive redress of wrongs not of great magnitude, would cease to accomplish their purpose. This court has adopted neither the one course nor the other. It has required the plaintiff in justices' court to apprise the defendant fairly of the cause of action relied upon, but when this has been done, the court has refused to regard formalities or technicalities. The object of the declaration is fully accomplished when the defendant is fairly apprised by it of the grounds of the plaintiff's claim, so that he need be under no misapprehension as to what matters are to be litigated on the trial. *Hurtford* v. *Holmes,* 3 Mich. 460; *Daniels* v. *Clegg,* 28 Mich. 32.

"Does the declaration in this case accomplish this purpose? It certainly informs the defendant what he is sued upon. The contract is recited, and defendant is notified that claim is made against him upon

it, and upon nothing else. The contract itself specifies the conditions of liability, so that defendant knows there can be no recovery unless performance of these is proved. It is said the declaration does not count upon an assignment. But it counts upon a promise made to another, and upon which there could be no recovery except upon the proof of an assignment. The very claim to recover upon the paper was a claim as assignee, for it was only as assignee that plaintiff could have a right to it. Moreover, the paper was made payable to the railroad company or order, and there was an indorsement upon it by E. D. Kinne, as assignee, which fairly notified the defendant that Mr. Kinne claimed to have become entitled in some manner to order the payment to be made to a transferee. It is true this indorsement might have been more formally made; it might and ought to have assumed the form of an assignment, with such recitals as would have shown Mr. Kinne's authority; but the question now is whether the defendant was thrown off his guard or misled by any defects, and not whether the pleadings might have been made more perfect. We must judge of this upon all the facts, and not upon the face of the papers alone.

"What the defendant ought to do in every case in which the declaration is supposed to be fatally defective, is to demur, and thereby bring the defect at once to the attention of the court, before parties have been put to trouble and expense in preparing for trial. No doubt he has a legal right to abstain from doing this, when the defects, in substance, are such as cannot by any intendment be supplied or overlooked, but this course is not conducive to justice, and courts will not countenance it any farther than they may feel compelled to do so. When the defendant fails to demur, he tacitly concedes the sufficiency of the declaration, and the court will hold him to this concession, whenever this can be done without probable injustice."

See, also, *Carmer* v. *Hubbard,* 123 Mich. 333 (82 N. W. 64).

In the instant case, if the defendants had in the justice's court demurred to the declaration, or objected to the testimony because the requirements of

the statute had not been observed, the declaration could at once have been amended. This was not done. The bond was before the parties. The decree in the chancery case determined it had been breached. The parties knew that the only question was whether plaintiff had been damaged, and, if so, how much. The defendants pleaded the general issue, and a trial was had upon the merits. We do not find any reversible error.

The judgment is affirmed.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OS-TRANDER, BIRD, and STEERE, JJ., concurred.