TAYLOR *v.* BELTON.

1. ASSUMPSIT, ACTION OF—COMMON COUNTS—RESCISSION—FAILURE OF CONSIDERATION—SALES—JUSTICES OF THE PEACE.

   Upon a declaration in justice's court containing the common counts in assumpsit, the purchaser of a team of horses was entitled to recover the value of a horse which died; one having proved unsatisfactory and being returned to the seller, plaintiff receiving for it another that subsequently fell ill, and upon his returning it to the vendor, died while in the possession of the latter; plaintiff was entitled to treat the refusal to replace the horse or return the price· as a partial failure of consideration, and no special count was required.

2. JUSTICES OF THE PEACE—DECLARATION—REVIEW.

   No objection or demurrer to the declaration or to the sufficiency of the common counts having been raised in justice's court, it was not available as a ground for reversal in the circuit or Supreme Court.

3. ASSUMPSIT, ACTION OF—EXCHANGE—SALES.

   Nor was it sufficient, to defeat plaintiff's right of recovery, that he exchanged his team as a part of the consideration for the horses, receiving $200 credit for them in the trade, the testimony also showing that the defendant was allowed $150 for each horse.

4. APPEAL AND ERROR—ARGUMENT—DIRECTING VERDICT—DAMAGES.

   Upon an affirmative showing in the record that appellants' attorney did not claim the right to argue the question of damages to the jury, no prejudicial error resulted from the action of the trial court in directing a verdict for plaintiff.

Error to Cass; Des Voignes, J. Submitted January 5, 1915. (Docket No. 14.) Decided September 29, 1915.

Assumpsit in justice's court by David A. Taylor against Arthur J. Belton and another for the return of the price paid for a horse. From a judgment for

plaintiff, defendants appealed to the circuit court. Judgment for plaintiff on a directed verdict. Defendants bring error. Affirmed.

*James H. Kinnane* and *W. J. Barnard,* for appellants.

*Hendryx & Mosier,* for appellee.

BROOKE, C. J.   Plaintiff, a farmer, was the owner of a team of light horses.   Defendants were dealers in horses.   In November, 1913, plaintiff made an arrangement with defendants by the terms of which he turned in his team to defendants at the sum of $200, and purchased from defendants a team for the sum of $300. He states the bargain as follows:

"I went over to the office, and I asked Mr. Belton, I says, 'Well,' I says, 'how are we going to deal?' 'Well,' he says, 'I will tell you what I will do.'   He says, 'I will just take your team,' he says, 'allow you $200 for it, and I will sell you my team for $300.'   He says, 'My team is worth more than that, but this time of the year,' he says, 'I can get along with your team better than I can with this big team.   *   *   *.'   He allowed me $150 for the gray horse and $50 for the sorrel; that made the $200, and he sold me his at $150 apiece."

With reference to one of the horses purchased by plaintiff from defendants, the plaintiff testified:

"Mr. Belton told me, if this horse bothered me any in pulling at the halter, he had a big halter, a big rope, to put on him.   I says, 'My land, if he pulls at the halter, I have got a little barn there; he is liable to take it and walk off with it,'   He says, 'I don't think he will ever bother you at all.'   He says, 'If he does, bring him back.'   So I took the horse under those conditions, that if he bothered me I was to bring him back."

Immediately after the consummation of the transaction the plaintiff discovered that one of the horses was balky.   After reporting this fact to defendants,

he was instructed by defendants to return the horse to them, which he immediately did. Defendants gave him another horse, which he tried for a short time, when it fell ill. Plaintiff reported this fact to the defendants, and was instructed to return this horse to them. This request was complied with by plaintiff, and later the horse so returned died while in defendants' possession. Plaintiff thereafter demanded from defendants either the return of $150, the price he had paid for the horse which he did not get, or that defendants supply him with a horse of that value in lieu thereof. Defendants declined to comply with either demand, and this suit was commenced in justice's court. The action is in assumpsit. A bill of particulars was filed in the following language:

The following is a bill of particulars of plaintiff's demand and for which this action is brought:

Money and value paid by plaintiff to defendants
   for one team of horses of the value of $300.... $300
Received of defendants one horse of the price and
   value of $150............................... 150
Balance due from defendants to plaintiff the price
   and value of $150.......................... 150

A plea of the general issue was interposed by defendants, and the parties went to trial in justice's court, where a jury assessed plaintiff's damages at the sum of $75. Defendants thereupon appealed the case to the circuit court. There they offered no testimony, but contented themselves with objecting to any testimony under the declaration, and to making objections and taking exceptions to the admission of testimony as offered. At the close of the proofs, counsel for defendants made two motions as follows:

"(1) I move the court at this time first to strike out all the testimony in this case, as none of it is material as made by the issue raised by the pleadings in this case."

"(2) I move the court to direct verdict in this case

for the defendants for the following reasons: *First,* the plaintiff can only seek to recover on one of three grounds: *First,* for breach of warranty of the horse; *second,* they might rescind the sale and sue for the recovery of the purchase price; and, *third,* for breach of contract. And in either case there must be a special count in the declaration."

Both motions were denied by the court. A verdict was rendered in favor of plaintiff for $150 under direction of the court. In this court, after the citation of many cases as to the sufficiency of the declaration and the impropriety of permitting recovery thereunder, counsel for appellants say:

"We contend, *first,* that no recovery can be had for breach of warranty under a declaration containing only the common counts in assumpsit; that where there is an exchange of property, if a party seeks to recover on the common counts, he can only do so by a rescission of the contract and tender back all of the property he has received, demanding the property he let go; that in no event can the circuit judge direct a verdict for a specific amount, when the damages depend upon the value of the goods exchanged, and where there is no evidence as to the market value of the same; that the case should have been submitted to the jury under proper instructions, leaving the jury to determine the amount of damages from the testimony adduced on the trial; that damages in a case of this kind must be assessed by the jury and not by the court; that the defendants were entitled to a directed verdict on the record as it stands; that an appeal from justice's court is a trial *de novo;* that a valid objection made in the circuit court should be adhered to, regardless of what might have taken place in justice's court; that no unwarranted presumption can be indulged in against the appellants in an appeal from the justice's court, because the return is silent as to objections made during the progress of the trial in said court; that under any view of the case counsel for defendants were entitled to argue the question of damages to the jury, and have the jury assess the same under proper instructions."

The theory upon which the plaintiff attempted to

recover was that he had paid to defendants $150, for which he had received no consideration, and that under such circumstances he was entitled to recover on the common counts in assumpsit. This view was accepted by the trial court. We are of opinion that in this the learned trial judge was not in error. *Murphy* v. *McGraw,* 74 Mich. 318 (41 N. W. 917). In any event, we are of opinion that it was the duty of the defendants to have questioned the sufficiency of the pleading in the justice's court, if not satisfied, as was said in *Wilcox* v. *Railroad Co.,* 43 Mich. 584 (5 N. W. 1003):

"When the defendant fails to demur, he tacitly concedes the sufficiency of the declaration, and the court will hold him to this concession, whenever this can be done without probable injustice."

See, also, *Carmer* v. *Hubbard,* 123 Mich. 333 (82 N. W. 64), and *Millspaugh* v. *Schultz,* 180 Mich. 310 (146 N. W. 634).

In the latter case, speaking through Justice MOORE, this court said:

"If the defendants had in the justice's court demurred to the declaration, or objected to the testimony because the requirements of the statute had not been observed, the declaration could at once have been amended. This was not done.   *   *   *   The defendants pleaded the general issue, and a trial was had upon the merits. We do not find any reversible error."

We think the fact that plaintiff paid $200 of the purchase price of the team he secured from defendants by turning over to them his team at that figure is of no consequence. He swears that defendants sold him the team he purchased for $300, or $150 each. This testimony is nowhere contradicted in the record. In the absence of contradictory testimony, we are unable to perceive how defendants were prejudiced by the action of the trial court in directing a verdict for

the amount which plaintiff testified he had paid for the horse which he did not get.

Counsel for defendants now urges that he should have been permitted to argue the question of damages to the jury. The record affirmatively shows that:

"Neither party requested to be heard in argument to the jury, and neither did the court ask either of the attorneys if they desired to argue to the jury."

We find no reversible error, and the judgment is affirmed.

KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice McALVAY, to whom this case was assigned, took no part in this decision.