*In re* WARRING'S ESTATE.

McGINNIS *v.* McCARN.

1. APPEAL AND ERROR—EVIDENCE—ASSIGNMENTS OF ERROR.
   That the verdict is against the weight of the evidence will not be considered on appeal, no motion for a new trial having been made nor assignments of error properly raising the question presented.

2. TRIAL—CONDUCT OF COURT—APPEAL AND ERROR.
   Upon the claim that the court showed irritation and unduly admonished counsel in the trial of a will contest so that he became confused and was unable to properly present his clients' claims to the jury, record examined and *held*, not to establish prejudicial error.

3. WILLS—INSTRUCTIONS—EVIDENCE.
   An instruction that, if testatrix, while in good health, contracted for a monument substantially as she had previously provided for in the will, it was an important factor in de-

terminining the validity of the will and tended to support it, was not prejudicial error as tending to attach too much importance to this transaction.

4. SAME.

An instruction that evidence regarding such contract was admitted solely to aid the jury in determining whether testatrix understood what she was doing or whether she was unduly influenced in making the will, and not as bearing on the validity of the contract, was proper.

5. SAME—GIFTS—INSTRUCTIONS.

An instruction that the validity of a gift from testatrix in her lifetime to her daughter is not in issue in the case was proper.

6. APPEAL AND ERROR—COURT RULES—WAIVER.

Assignments of error not discussed in appellants' brief are treated as waived under Supreme Court Rule No. 40.

Error to Wayne; Gage, J., presiding. Submitted April 4, 1917. (Docket No. 31.) Decided June 1, 1917.

Kate Warring McGinnis presented for probate the last will and testament of Annie Warring, deceased. The will was allowed in the probate court, and Georgia A. McCarn and others appealed to the circuit court. Judgment for proponent, contestants bring error. Affirmed.

*P. K. Owens,* for appellants.

*Thomas L. Dalton* (*James S. Doyle,* of counsel), for appellee.

KUHN, C. J. This is a contest over the will of Annie Warring, deceased. She was a resident of the city of Detroit and for many years there conducted a railroad boarding house which she cared for herself. During the last seven years of her life, her daughter, Mrs. Kate McGinnis, who is named as executrix in the will, and also one of the legatees therein, assisted her in

196—Mich.—46.

the boarding house business and, when her mother was not able to attend to the business because of her last illness, was in charge of it. Mrs. Warring had 13 children, 10 of whom were alive at her death, and 7 appear as contestants in this litigation. The will in question, made on the 14th day of February, 1913, was as follows, omitting its formal parts:

"*First.* I will and direct that all my just debts and funeral expenses be paid in full.

"*Second.* Whereas my daughter, Kate Warring McGinnis, has worked for me in my home during the past seven years, in consideration of the service rendered by her in pursuance of an express agreement with her I have paid to my said daughter and hold her receipt for the sum of fifteen hundred dollars, in full satisfaction of my indebtedness to her for said services.

"*Third.* I will and direct that the amount of two hundred dollars due at my death on my insurance in the Brotherhood of Locomotive Firemen, Ladies' Auxiliary, shall be paid to my daughter, Kate Warring McGinnis, hereinafter appointed executor, to be used by her in paying for my funeral expenses.

"*Fourth.* I will and direct that my executor, hereinafter named, shall expend a sum not exceeding one thousand dollars to purchase and erect a monument in my lot in Holy Cross Cemetery. I also will and direct that my said executor shall have the graves in Mt. Elliott Cemetery fixed up and a small marker placed at my mother's grave.

"*Fifth.* All the rest, residue and remainder of my estate of whatsoever kind and wherever situated, I give, devise and bequeath to my children, Georgiana McCarn, William Warring, Mary Cavanaugh, Kate Warring McGinnis, Walter Warring, Loretta Dodds, Edward Warring, Elizabeth Daley, Martha Burns and Josephine Hollister, their heirs and assigns forever, to be divided equally, share and share alike.

"*Sixthly.* I hereby appoint my daughter, Kate Warring McGinnis, of Detroit, Wayne county, Michigan, executrix of this my last will and testament."

The will was contested on the ground that the deceased was mentally incompetent at the time she exe-

cuted the will, and that she was unduly influenced in making it by her daughter, Mrs. McGinnis. The jury, however, found against these contentions and sustained the will. The case is brought here by writ of error, and 54 assignments are set forth in the record. Considerable difficulty is had in determining what the real questions in issue are, because of the failure of appellants' counsel to observe in the preparation of his brief the requirements of Supreme Court Rule No. 40.

It is urged in the brief that the verdict is against the weight of the evidence, and the testimony upon the disputed questions of fact is reviewed at some length. No motion for a new trial was made, nor are there any assignments of error which properly raise this question, and therefore it is not before us.

The trial, which was strongly contested, was marked by frequent colloquy between the court and counsel. The court at times showed irritation at the insistence of counsel, and, while this is to be regretted, it is matter of common knowledge to the profession that lawyers, in their zeal to properly represent their clients' interests, sometimes unduly press matters after the court has ruled and as a result are perhaps unnecessarily severely admonished by the court. It is the claim of counsel that, as a result of the court's action, he became confused and disturbed and was unable to properly represent the contestants' case to the jury. We have carefully examined the matters complained of and are not impressed that the contestants' case was prejudiced by the action of the court in admonishing counsel and making his rulings.

The court admitted evidence showing that the deceased had negotiated with agents of a firm selling monuments, and that she actually bargained and contracted for a monument such as is provided for in her will. With reference thereto, the court charged:

"I charge you that, if you find by the evidence that [when] the testatrix was in good health, she declared her intentions to dispose of a portion of her property by investing in a monument substantially in the manner it is disposed of in the will, and that she contracted and bargained for a monument as provided in the will, that is an important fact to be considered in determining the validity of this will and as tending to support it."

Fault is found with this because it is claimed that the instruction threw the weight of the opinion of the court 'against the contestants in favor of the proponent, and the case of *Blackwood* v. *Brown*, 32 Mich. 104, and cases cited therein are relied upon. While it is true that in these cases the court did criticize trial judges in instructing the jury as to the weight or importance to be attached to any particular part of the testimony, we do not feel prepared to say that in this case the instruction complained of can be said to have been prejudicial error. The jury did have a right to consider this testimony as bearing upon whether or not the will in question was the will of the deceased, and in effect the jury were so told by this instruction.

The following excerpts from the charge are also criticized:

"Now the question of the validity of the contract between this man making the contract and Mrs. Warring, that was signed by Mrs. Kate McGinnis, to be determined somewhere else and not here, if there is to be any contest over it this is not the place. The evidence was admitted here so as to aid you in determining whether this testatrix understood what she was doing at the time, or whether she was laboring under any undue influence when she made this will and entered into the provisions of the will  *  *  *

"As to the $1,500 that has been testified to as given to Kate McGinnis, that has no place here, and in the administration of the estate, if it is to be gotten away from her, the administrator will have to sue her for it and make her pay it back."

We think there was no error in these instructions of the court. If Mrs. McGinnis is not entitled to the $1,500 which was paid her, as the court said, suit should be brought against her to recover it. The issue here was will or no will, which was determined by the jury against the contestants' claim.

Other assignments of error not mentioned in the brief for appellants will be treated as waived. Supreme Court Rule No. 40; *Ferguson* v. *Wilson*, 122 Mich. 97 (80 N. W. 1006, 80 Am. St. Rep. 543); *Carmer* v. *Hubbard*, 123 Mich. 333 (82 N. W. 64); *People* v. *Cole*, 139 Mich. 312 (102 N. W. 856); *Nissly* v. *Railway Co.*, 168 Mich. 678 (131 N. W. 145, 135 N. W. 268, Am. & Eng. Ann. Cas. 1913C, 719); *Smith* v. *Construction Co.*, 175 Mich. 600 (141 N. W. 635); *Walsh* v. *Railway Co.*, 185 Mich. 177 (151 N. W. 754). Those therein mentioned and not herein discussed we find without merit.

Being of the opinion that the issue involved was fairly presented to the jury under proper instructions, and finding no prejudicial error in the record, we affirm the judgment.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.