WILLIAM HECK v. SCHOOL DISTRICT NUMBER TWO OF ESSEX.

*Condemnation of sites for school-houses.*

Proceedings to condemn land for a school-house site will be quashed if there is no lawful designation thereof shown by the records.

The School Law (Act 164 of 1881) permits land to be condemned for school purposes only when a site has been lawfully determined, and it confines the power of the township inspectors to determine the site to cases where the inhabitants themselves cannot do it. And it seems that more than one site cannot be designated except by the inhabitants.

The justice to whom a petition for the condemnation of land for a school-house site is presented, is not empowered to hear evidence or pass on any of the merits.

Where proceedings to condemn land for a school-house site are brought before a jury, proof of a legal selection of the site must be made to them, and without it they cannot find it to be necessary to condemn it.

Certiorari.   Submitted Oct. 19.   Decided Jan. 5.

*Cook & Daboll* for plaintiff in certiorari.   School inspectors can fix a site for a school-house only when the inhabitants of the school district cannot agree on it: *Andress v. Williamstown Inspectors*, 19 Mich. 332.

*A. Stout* for defendant in certiorari.

CAMPBELL, J.   This is a proceeding to review the action of the circuit court for the county of Clinton in confirming the condemnation of land for the site of a school-house. The petition, which was presented to a justice of the peace, set forth a designation by the school inspector, and inability to agree with the owner.

It appears that no evidence was laid before the jury of any action had to select the location.   It further appears that no notice was taken of Caroline Heck, who owns one-half of the land, which was dealt with throughout as land of William Heck.   On the final proceedings in the circuit

court one of the school officers undertook to show by affidavit that at the annual meeting the school-district had failed to agree upon a site, and asked the inspectors to do so. Nothing was produced from the records on the subject. The case shows that there was a site already in use.

The statute providing for the condemnation of land for school purposes only permits it when a site has been lawfully determined. Laws 1881, p. 184.* It confines the power of the inspectors to cases where no site can be established by the inhabitants. It does not seem to contemplate that the designation of more than one site shall be made in any case except by the inhabitants themselves.

The statute also distinctly provides that when a jury is sworn proof shall be made to the jury of a legal selection. § 2. The justice to whom application is made is not empowered to hear evidence or pass upon any of the merits of the case. The facts must therefore be shown to the body which is to pass upon the questions on which the right to have a condemnation depends. We need not at this time consider whether the jury would be bound to find necessity on the mere action designating the site. They certainly cannot do so without proof of such designation. This must be proved by the records and cannot be taken for granted.

Without discussing the other questions on the record, we think the failure to show any lawful designation was fatal to the entire proceeding, which must be quashed, with costs.

The other Justices concurred.

---

*Act 164 of 1881, Public Acts, p. 184.

CHAPTER VIII.

SITES FOR SCHOOL-HOUSES.

Section 1. The qualified voters of any school district, when lawfully assembled, may designate by a vote of two-thirds of those present, such number of sites as may be desired for school-houses, and may change the same by a similar vote at any annual meeting. When no site can be established by such inhabitants as aforesaid, the school inspectors of the township or townships in which the district is situated shall determine where such site shall be, and their determination shall be certified to the director of the district, and shall be final, subject to alteration afterward by the inspectors, on the written request of two-thirds of the qualified voters of the district, or by two-thirds of the qualified voters agreeing upon a site, at a district meeting lawfully called.