## WALKER *v.* MACK.

1. APPEAL—ASSIGNMENTS OF ERROR—BRIEFS.
   Assignments of error which are merely recited in the brief, without argument or a statement of the grounds on which they are based, will not be considered.

2. LAND CONTRACTS—PAROL EVIDENCE.
   Parol evidence is inadmissible to vary the terms of payment prescribed in a land contract.

Error to Wayne; Donovan, J. Submitted January 14, 1902. Decided March 4, 1902.

*Assumpsit* by Frederick W. Walker and Samuel Daniel

against Eliza Mack for the breach of a contract for the sale of land. From a judgment for plaintiffs, defendant brings error. Affirmed.

Plaintiffs recovered verdict and judgment for $467 for the violation of a contract executed between them and the defendant. The contract is as follows:

"Articles of agreement made this eleventh day of February, 1899, between Eliza Mack, of the city of Detroit, Wayne county, Michigan, party of the first part, and Frederick W. Walker and Samuel Daniel, of the same place, parties of the second part.

"The said first party hereby agrees to give to the said second parties a land contract on lots numbers eighty-one and eighty-two in Lowe's subdivision of lot of quarter section forty-four of the ten thousand acre tract, according to the recorded plat in Liber 8, page 26, plats, Wayne county, Michigan, on the following terms: The said second parties agree to build two cellars, one on each of the above lots, and do all mason work on two dwellings, which are to be built on the above lots. Said cellars and mason work is to be as first payment for the purchase price of said lots and houses. Said cellars and mason work to be clear of all incumbrance, with receipted bills for all material and labor. On completion of said houses, the said first party is to give said second parties a land contract of said lots and houses for the sum of twenty-eight hundred dollars, to be paid as follows: Six per cent. interest from date of contract, and the sum of one hundred dollars or more after the first year, payable fifty dollars every six months until the sum of one thousand dollars is paid; then the said first party is to give warranty deed, and the said second parties are to assume a mortgage for eighteen hundred dollars at six per cent., payable semiannually.

"The said second parties hereby agree to build two new houses, one on each lot,—each house to be two story high, and contain eight rooms each,—and also to build barn of 14x18, with shingle roofs, on the rear of each lot.

"The said first party agrees to furnish eighteen hundred dollars, to be paid as the work progresses, and on the payment of all bills for material and labor.

"It is hereby agreed and understood that the material

and labor on the said houses shall not be a lien on said lots, should the said second parties fail to build and complete said houses according to the plans and specifications made by Henry Reynolds.

"It is also understood all bills are to be approved by Macklem Bros."

Immediately after the execution of the contract, plaintiffs let a contract to Reynolds for the erection of the buildings. Work was commenced, cellars dug, sewers put in, and the barns built. Defendant claims that, shortly after this contract was made, she sent her son to notify them that they must not proceed under it, because she had not been paid $200, which she insisted they were to pay in cash upon the execution of the contract. Plaintiffs deny any such agreement, and say that the son told them not to go on with the work, as his mother had a better purchaser. Plaintiffs, however, proceeded with their work until the defendant absolutely refused to carry out the contract. They then ceased, and brought this suit for damages.

*W. C. Campbell*, for appellant.

*Jonas B. Houck*, for appellees.

GRANT, J. (*after stating the facts*). The assignments of error number 42, and 24 points are made in the brief of appellant. Most of these points contain no argument, but are simply assertions that the court erred. Two of these points are thus stated:

"The defendant took an exception to the introduction of the contract, plans, and specifications, which was granted by the court."

"The court erred in admitting the specifications as a part of the said contract, to which exception was taken."

Assignments of error thus stated, but not argued, will not be considered by the court. It is the duty of counsel to at least state the reasons upon which they rely to support their allegations of error.

The court refused to permit the defendant to show that there was a parol agreement to pay $200. No fraud was shown to have been practiced upon the defendant in executing the contract. Its terms are not ambiguous. It was therefore binding upon her, and parol evidence was not admissible to vary its terms. The court's ruling was correct upon this point, and the judgment is affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.