BOARD OF EDUCATION OF CITY OF HOLLAND *v.* VAN DER VEEN.

1. EMINENT DOMAIN — SCHOOLS AND COLLEGES — ACQUIRING SITES —POWERS OF SCHOOL BOARD—HOLLAND CHARTER—MUNICIPAL CORPORATIONS.

   Under a charter authorizing the school board of the city of Holland to establish sites for schools and to purchase and procure land therefor, and further constituting the city a school district with corporate name and the usual powers of public corporations, the board of education could maintain proceedings to take private property for a school site.

2. SAME—PARTIES—NOTICE.

   A notice given to the owner as of the date of filing the petition was sufficient. One to whom he subsequently conveyed title was not a necessary party and could not complain of being brought into the case by supplementary proceedings.

3. SAME—APPEAL AND ERROR—CERTIORARI.

   Assignments of error not discussed in the brief of appellant in certiorari, and argued only in the petition for the writ, will not be considered.

Certiorari to Ottawa; Padgham, J. Submitted January 11, 1912. (Docket No. 55.) Decided March 29, 1912. Rehearing denied June 1, 1912.

Petition in justice's court by the board of education of the city of Holland against Engbertus Van Der Veen and another to condemn land of respondents for schoolhouse site. From a judgment for petitioner, respondents appealed to the circuit court which affirmed the judgment. Respondents bring certiorari. Affirmed.

*Mortimer A. Sooy* (*Lillie & Osterhous,* of counsel), for appellants.

*Diekema, Kollen & Ten Cate,* for appellee.

BLAIR, J. The board of education of the city of Hol-

land, at its meeting held May 13th, passed a resolution designating and determining the property described in said resolution as a necessary site for a high school building in the city of Holland, and, further, appointed a committee to confer with the owner, Engbertus Van Der Veen, and other owners, if any there were, with a view of agreeing upon the compensation to be paid therefor to him. On the 18th day of May, at a meeting of said board of education, said committee reported that they had taken up the matter with Engbertus Van Der Veen, the owner, and that they could not agree with him upon the price to be paid for said property. Thereupon, and after said negotiations had taken place, a committee was appointed and instructed to commence these condemnation proceedings before the circuit judge, if there be one in the county, a circuit court commissioner of the county, or a justice of the peace of the city of Holland. Said property thus desired by said board of education was vacant property and at that time belonged to, and of record was in the name of, Engbertus Van Der Veen, one of said defendants. A petition was prepared by said committee appointed by said board of education, May 20th, and filed with a justice of the peace, and said justice thereupon, on said 20th day of May, executed a summons and venire directed to the sheriff or any constable of said county and commanding him to summon eighteen freeholders and to summon Engbertus Van Der Veen, the owner; the return day named in said summons being the 14th day of June, A. D. 1911.

When this petition was filed with the justice and the summons issued directed to Engbertus Van Der Veen, he was the sole owner of record of this property, and there was no record evidence of any kind showing that his son John, or any one else, had any interest therein. Shortly after all these steps had been taken, and on the 23d day of May, a deed was filed with the register of deeds of Ottawa county, wherein and whereby Engbertus Van Der Veen conveyed to his son John A. Van Der Veen a

part of this land. Said deed appeared on its face to have been dated and executed on May 15th in the presence of M. A. Sooy, one of defendants' counsel, and to have been acknowledged before him on the same day. On the hearing of said cause, however, it developed, and Mr. Sooy made the statement, that, although the said deed from Engbertus Van Der Veen to his son John A. Van Der Veen was dated May 15, 1911, it was actually executed on May 23, 1911, and acknowledged before him on May 23, 1911.

A trial was had, and the jury found the necessity and determined the damages and compensation to be paid. The proceedings were affirmed and found regular by Hon. Philip Padgham, circuit judge of Ottawa county, Mich., and the matter taken to this court by certiorari.

Only two questions are argued at length in the brief for defendants:

*First.* That there is no express authority by statute for a board of education of a city or village to pass a resolution determining, establishing, or enlarging a schoolhouse site, and no such authority can be implied.

*Second.* That an attempt to agree with John A. Van Der Veen was a condition precedent to the exercise of the right of eminent domain.

*First.* The authority for condemnation proceedings is found in the city charter of the city of Holland, being Act No. 271 of the Local Acts of 1893, as amended by Act No. 427 of the Local Acts of 1899. Title 30 of said act incorporating the city of Holland is devoted to education. Section 1 provides:

"The city of Holland shall constitute a single school district. Such school district shall be a body corporate, by the name and style of the " Public Schools of the City of Holland," and shall possess the usual powers of corporations for public purposes; and in that name may sue and be sued, and purchase, acquire, hold and dispose of such real and personal property as is authorized to be purchased or acquired by this act."

Section 10 provides:

"The board of education shall have the control and

management of the property, interests and affairs of the district, and of the schools organized or that may be organized therein.   Said board of education shall have and exercise all the powers conferred upon the district boards and boards of trustees of school districts by the primary school laws of this State.   \* \* \*   They shall establish and maintain a high school when deemed expedient for instruction in the higher branches of education."

Section 12 provides:

" The board of education shall have authority and it shall be their duty to designate and establish such number of sites for schoolhouses in the district as may be necessary, and to purchase and procure the lands therefor; and to erect   \* \* \*   schoolhouses and buildings for the use of public schools," etc.

Section 12 expressly confers the power exercised in this case.   There was no such provision in the Detroit charter, which distinguishes the case of *Detroit Board of Education* v. *Moross*, 151 Mich. 625 (114 N. W. 75), from the present case.

*Second.* The statute requires that notice must be given to owners or occupants.   At the time the petition was filed, Engbertus Van Der Veen was the sole owner, and the proceedings as to him were regular.   John A. Van Der Veen having acquired his interest after the filing of the petition, it was unnecessary to treat with him or make him a party to the proceedings.   *Plumer* v. *Boom Co.*, 49 Wis. 449 (5 N. W. 232); *Houston* v. *Traction Co.*, 69 N. J. Law, 168 (54 Atl. 403); *Ft. Wayne, etc., Traction Co.* v. *Railway Co.*, 170 Ind. 49 (83 N. E. 665, 16 L. R. A. [N. S.] 537).   If, therefore, as contended by counsel for defendants, John A. Van Der Veen was improperly brought into the case by supplementary petition, neither he nor his codefendant has any legal cause for complaint, so far as the point under consideration is concerned.

At page 16 of defendants' brief appears the following:

"No assignments of error, other than those set forth in the petition for certiorari, have been filed, of course, and,

as the most of those were discussed separately in the petition, we have considered this general brief on the main issues sufficient, and will only take up the assignments not discussed in the petition. Those not discussed in the petition are found on page 15 of the record, and are numbers 9, 10, 11, 12, 13, and 14."

We find no merit in the assignments referred to by number, and must decline to consider those argued in the petition. *Carmer* v. *Hubbard*, 123 Mich. 333 (82 N. W. 64); *Walker* v. *Mack*, 129 Mich. 527 (89 N. W. 338).

The writ is dismissed, and the judgment affirmed.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.