STANGER v. MILLER.

1. Schools and School Districts—Designation of Schoolhouse Site.

Upon board of education of graded school district rests duty of designating site for schoolhouse (2 Comp. Laws 1929, § 7122).

2. Same—Site Need Not be Designated Before Voting Bonds.

Designation of site for schoolhouse need not be made by board of education of graded school district before proposition to bond district is submitted to voters (2 Comp. Laws 1929, §§ 7122, 7486).

Certified question from Monroe; Root (Jesse H.), J. Submitted June 22, 1931. (Calendar No. 35,898.) Decided June 25, 1931.

Bill by Paul Stanger and others against William Miller, president, and School Board of School District No. 2, Summerfield township, and others to

restrain the issuance of bonds for schoolhouse and site therefor. Question as to necessity of designation of a site by board of education of a graded school district prior to vote on question of bonding was certified to this court under Rule No. 78, Michigan Court Rules. Necessity of prior designation denied.

*Henry I. Bourns* and *James W. Helme,* for plaintiffs.

*William F. Haas,* for defendants.

SHARPE, J. The following certified question, somewhat abbreviated, is presented for decision under Michigan Court Rule No. 78:

Is it a necessary prerequisite under Act No. 319, Pub. Acts 1927 (2 Comp. Laws 1929, § 7094 *et seq.*), to a vote on the question of bonding a graded school district for a sum of money sufficient to purchase a site and erect a schoolhouse thereon, that the board of education of said district first designate a site or sites?

The law relating to public instruction and primary schools was revised and consolidated by Act No. 164, Pub. Acts 1881. It appears in 2 Comp. Laws 1915, as § 5641 *et seq.* Section 5667 provided for the designation of a site or sites for schoolhouses by the qualified electors of the district at annual and special meetings. While provision was made therein for graded districts (section 5734 *et seq.*), no change was made in the manner of designating sites therein, and the provisions relating to primary schools were held to be applicable thereto. *Detroit Bd. of Education* v. *Moross,* 151 Mich. 625.

This act was repealed by Act No. 319, Pub. Acts 1927, denominated the ''School Code.'' It contains the statutory provisions for the classification, or-

ganization, regulation, and maintenance of schools and school districts, and prescribes their rights, powers, duties, and privileges. It appears in 2 Comp. Laws 1929, as § 7094 *et seq.*, and the references herein will be made to the sections of the compilation.

Section 7103 empowers the qualified voters of any primary school district:

"To designate as hereinafter provided a site or such number of sites as may be desired for schoolhouses, and to change same when necessary."

The defendant is a graded school district. Section 7122 provides:

"It shall be the duty of the board of education in any graded school district: * * *

"Eighth, To designate such site or sites as it may deem necessary."

Section 7486 reads in part as follows:

"Any school district may, by a majority vote of the qualified voters of said district, present at an annual meeting or a special meeting called for that purpose, borrow money and issue bonds of the district therefor, to pay for a schoolhouse site or sites, or to pay for an addition or additions of territory to a schoolhouse site or sites, or to erect and furnish school buildings, or to complete school buildings under the course of construction, or to pay for an addition or additions to a schoolhouse or schoolhouses or for the remodeling of school buildings or for a heating plant."

The purpose of imposing the duty of designating a site upon the board of education in a graded school district would seem to be apparent. There are, as a rule, a large number of voters in such districts, and it might be difficult to secure an agreement of a ma-

jority of them upon a site for a new, and perhaps an additional, school building. Upon the board of education the duty now rests.

But it is urged that such designation must be made before or at the time the proposition to bond the district is submitted to the voters. While the act is silent in relation thereto, we are impressed that the provision for bonding is in no way related to that providing for designation of the site. When the bonding proposition is submitted to the voters, it is for them to decide whether they want a new schoolhouse, and, if so, the amount they are willing that the board of education shall expend in the purchase of a site and the erection of the building. The location of the site may, to some extent at least, be dependent upon the moneys received by the board from the proceeds of the bonds when issued and sold.

The apparent necessity for an immediate decision prompts us to refrain from further discussion of the question presented. It is answered in the negative.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.